# EXHIBIT A

**State of Minnesota**

County Of: Ramsey

**District Court**

| | |
|---|---|
| Judicial District: | Second |
| Court File Number: | |
| Case Type: | Product Liability |

MICHELLE ABRAHAMSON, KITTY ANDERSON, KENNETH BAXTER-LESNIAK, RAYMOND BEAUVAIS, ALWOOD BECK, HELEN BRANBY, BRUCE BRENDAL, BRIAN BROWN, DAN BURDICK, ERIC BURMEISTER, ROBERT CARMAN, AMBER CHAVEZ, MARY COWAN, GREGORY CZECH, MICHAEL DIPPEL, GREGG DROST, STEVEN ESTEBAN, COREY FELTUS, JAMES FENNER, JANE FORSTER, TIMOTHY FRICKE, NICHOLAS GALLIMORE, DARON GERSCH, ROY HALL, JULIE HOWE, BARRY HOWELL, KATHLEEN JAGODZINSKI, ROBERT JENSEN, SARA KOHEN on behalf of K.K., a minor child, NICHOLAS KRANZ, RANDALL KRUG, WENDY KRUGER-NERUD, DAVID LARSON, JANET LEACH, MICKEL LEATHEM, CAROL LUNDSTROM, STEPHEN MAJESKI, PAMELA MARONEY, MATTHEW MARTIN, DANIEL MILLER, KELLY MURPHY, ANITA NELSON, PATRICK OETTERER, MARY OLSON, REBECCA OSBORNE, CATHERINE PERRY, GAYLORD QUINN, JOY REGAN, ROBERT RICE, LONNIE ROGOWSKI, ROBERT SAFFRIN, ROBERT SAURDIFF, DAVID SCHRAMM, JASON SMITH, REGINA TURNING, JUDY VESSELS, JOHN WIDHOLM, CRAIG WITTICH, AND JACK YOUNGBERG,

**Civil Complaint**

**Plaintiffs,**

vs.

3M COMPANY (f/k/a Minnesota Mining and Manufacturing, Co.); AGC

Filed in District Court
State of Minnesota
6/26/2025 8:09 PM

CHEMICAL AMERICAS, INC.; AGC INC. (f/k/a Asahi Glass Co.. Ltd.); ARCHROMA U.S., INC.; ARKEMA, INC.; BASF CORP.; BUCKEYE FIRE EQUIPMENT CO.; CHEMDESIGN PRODUCTS, INC.; CHEMGUARD, INC.; CLARIANT CORP.; CORTEVA, INC.; DUPONT DE NEMOURS, INC.; DYNAX CORP.; E.I. DU PONT DE NEMOURS & COMPANY; THE CHEMOURS COMPANY; THE CHEMOURS COMPANY FC, LLC; TYCO FIRE PRODUCTS, LP; AND JOHN DOE DEFENDANTS 1-49,

**Defendants.**

## __COMPLAINT__

Plaintiffs Michelle Abrahamson, Kitty Anderson, Kenneth Baxter-Lesniak, Raymond Beauvais, Alwood Beck, Helen Branby, Bruce Brendal, Brian Brown, Dan Burdick, Eric Burmeister, Robert Carman, Amber Chavez, Mary Cowan, Gregory Czech, Michael Dippel, Gregg Drost, Steven Esteban, Corey Feltus, James Fenner, Jane Forster, Timothy Fricke, Nicholas Gallimore, Daron Gersch, Roy Hall, Julie Howe, Barry Howell, Kathleen Jagodzinski, Robert Jensen, Kennedy Kohen, Nicholas Kranz, Randall Krug, Wendy Kruger-Nerud, David Larson, Janet Leach, Mickel Leathem, Carol Lundstrom, Stephen Majeski, Pamela Maroney, Matthew Martin, Daniel Miller, Kelly Murphy, Anita Nelson, Patrick Oetterer, Mary Olson, Rebecca Osborne, Catherine Perry, Gaylord Quinn, Joy Regan, Robert Rice, Lonnie Rogowski, Robert Saffrin, Robert Saurdiff, David Schramm, Jason Smith, Regina Turning, Judy Vessels, John Widholm, Craig Wittich, and Jack Youngberg, by and through undersigned counsel, bring this action against Defendants 3M Company (f/k/a Minnesota Mining and Manufacturing, Co.), AGC, Inc. (f/k/a Asahi Glass Co., Ltd.), AGC Chemical Americas, Inc, Archroma U.S., Inc., Arkema, Inc., BASF Corporation, Buckeye Fire Equipment

Company, Chemdesign Products, Inc., Chemguard, Inc., Clariant Corporation, Corteva, Inc., DuPont De Nemours, Inc., Dynax Corporation, E. I. Du Pont de Nemours and Company, The Chemours Company, The Chemours Company FC, LLC, and Tyco Fire Products, LP (individually and as successor-in-interest to The Ansul Company), and John Doe Defendants 1-49. Plaintiffs hereby allege, upon information and belief, as follows:

## I.    SUMMARY OF THE CASE

1.    Plaintiffs bring this action against Defendants to recover damages for personal injuries caused by exposure to per- and polyfluoroalkyl substances ("PFAS") including, but not limited to, perfluorooctanoic acid ("PFOA") and/or perfluorooctane sulfonic acid ("PFOS") included in aqueous film-forming foam ("AFFF") used for firefighting and firefighter training.

2.    AFFF is designed to extinguish petroleum-based fires. It has been used for decades by military and civilian firefighters to extinguish fires in training and in response to Class B fires.

3.    This Complaint refers to AFFF, PFOA, PFOS, and PFAS compounds collectively as "Fluorosurfactant Products."

4.    PFOS and PFOA are fluorosurfactants that repel oil, grease, and water. PFOS, PFOA, and/or their chemical precursors, are or were components of AFFF products, which are firefighting suppressant agents used in training and firefighting activities for fighting Class B fires. Class B fires include fires involving hydrocarbon fuels such as petroleum or other flammable liquids.

5.    PFOS and PFOA are mobile, persist indefinitely in the environment, bioaccumulate in individual organisms and humans, and biomagnify up the food chain. PFOS and PFOA are also associated with multiple and significant adverse health effects in humans, including but not limited to kidney cancer, testicular cancer, high cholesterol, thyroid disease, ulcerative colitis, and pregnancy-induced hypertension.

6.      At various times from the 1960s through today, Defendants designed, manufactured, marketed, distributed, and/or sold Fluorosurfactant Products including AFFF, PFOS, PFOA, and/or their chemical precursors, and/or designed, manufactured, marketed, distributed, and/or sold the fluorosurfactants and/or perfluourinated chemicals contained in AFFF.

7.      Defendants manufactured, marketed and/or sold Fluorosurfactant Products with the knowledge that firefighters would be exposed to these toxic compounds during fire protection, training, and response activities even when the AFFF were used as directed and intended by the manufacturer.

8.      Due to the widespread PFAS contamination caused by Defendants' Fluorosurfactant Products, including the contamination of Plaintiffs' drinking water supplies, Plaintiffs have suffered serious personal injuries set forth in detail below. Plaintiffs' injuries are a direct result of their exposure to the PFAS contamination present in their drinking water supplies.

9.      Plaintiffs, as residents and those who visited, worked, or resided in the contaminated areas, have been unknowingly exposed for many years to dangerous PFAS levels.

10.      Plaintiffs' unwitting exposure to PFAS in their water supply as a result of Defendants' conduct set forth below is the direct and proximate cause of Plaintiffs' injuries.

11.      Plaintiffs file this lawsuit to recover compensatory and all other damages, including but not limited to past and future (1) expenses for care, treatment and hospitalization incident to the injury;  (2) compensation for physical pain and suffering;  (3) loss of income, wages, or earning capacity; (4) compensation for mental or emotional pain and anguish; (5) physical impairment; (6) loss of companionship and society;  (7) inconvenience; (8) loss of enjoyment of life; (9) exemplary damages.

## II.    PARTIES

### A.  **Plaintiffs**

12.     Plaintiff Michelle Abrahamson is a citizen and resident of Farmington, Minnesota. From approximately 1985 to 2025, Plaintiff Michelle Abrahamson was regularly exposed to PFAS through drinking water at residences and workplaces in Farmington, Minnesota; Savage, Minnesota; Apple Valley, Minnesota; and Lakeville, Minnesota.

13.     On or about December 20, 2024, Plaintiff Michelle Abrahamson was diagnosed with clear cell renal carcinoma in Burnsville, Minnesota and subsequently underwent a radical right nephrectomy and related treatment.

14.     Plaintiff Kitty Anderson is a citizen and resident of Austin, Minnesota. From approximately 2006 to 2024, Plaintiff Kitty Anderson was regularly exposed to PFAS through drinking water at residences and workplaces in Austin, Minnesota.

15.     On or about 2019, Plaintiff Kitty Anderson was diagnosed with kidney cancer in Sleepy Eye, Minnesota and subsequently underwent a partial right nephrectomy.

16.     Plaintiff Kenneth Baxter-Lesniak is a citizen and resident of Maple Lake, Minnesota. From approximately 1990 to 2023, Plaintiff Kenneth Baxter-Lesniak was regularly exposed to PFAS through drinking water at residences and workplaces in Joint Expeditionary Base Little Creek-Fort Story, Virginia Beach, Virginia; Naval Base San Diego, San Diego, California; Crystal, Minnesota; and Monticello, Minnesota.

17.     On or about 2021, Plaintiff Kenneth Baxter-Lesniak was diagnosed with testicular cancer in Sartell, Minnesota and subsequently underwent a total left orchiectomy.

18.     Plaintiff Raymond Beauvais is a citizen and resident of Prior Lake, Minnesota. From approximately 1971 to 2025, Plaintiff Raymond Beauvais was regularly exposed to PFAS through drinking water at residences in Lackland Air Force Base, San Antonio, Texas; Chanute Air Force Base, Rantoul, Illinois; Hibbing, Minnesota; White Bear Lake, Minnesota; Edina, Minnesota; and Balsam Lake, Minnesota.

19.    On or about March 23, 2019, Plaintiff Raymond Beauvais was diagnosed with kidney cancer in Burnsville, Minnesota and subsequently underwent a partial left nephrectomy.

20.    Plaintiff Alwood Beck is a citizen and resident of Wyoming, Minnesota. From approximately 1979 to 2004, Plaintiff Alwood Beck was regularly exposed to PFAS through drinking water at residences and workplaces in Fridley, Minnesota and Minneapolis, Minnesota.

21.    On or about February 2022, Plaintiff Alwood Beck was diagnosed with clear cell renal carcinoma in Coon Rapids, Minnesota and subsequently underwent a radical right nephrectomy.

22.    Plaintiff Helen Branby is a citizen and resident of Brooklyn Park, Minnesota. From approximately 1980 to 2025, Plaintiff Helen Branby was regularly exposed to PFAS through drinking water at residences in Crystal, Minnesota; Minneapolis, Minnesota; New Hope, Minnesota; and Brooklyn Park, Minnesota.

23.    On or about 2021, Plaintiff Helen Branby was diagnosed with kidney cancer in Maple Grove, Minnesota and subsequently underwent a radical left nephrectomy. On or about 2025, Plaintiff Helen Branby was diagnosed with thyroid disease in Edina, Minnesota.

24.    Plaintiff Bruce Brendal is a citizen and resident of Paynesville, Minnesota. From approximately 1970 to 2025, Plaintiff Bruce Brendal was regularly exposed to PFAS through drinking water at residences in Minneapolis, Minnesota; Brooklyn Park, Minnesota; and Paynesville, Minnesota.

25.    On or about July 2010, Plaintiff Bruce Brendal was diagnosed with testicular cancer in St. Louis Park, Minnesota and subsequently underwent a total right orchiectomy and chemotherapy treatment.

26.     Plaintiff Brian Brown is a citizen and resident of Babbitt, Minnesota. From approximately 1995 to 2021, Plaintiff Brian Brown was regularly exposed to PFAS through drinking water at residences in Babbitt, Minnesota.

27.     On or about February 2010, Plaintiff Brian Brown was diagnosed with kidney cancer in Virginia, Minnesota and subsequently underwent a radical right nephrectomy and immunotherapy treatment.

28.     Plaintiff Dan Burdick is a citizen and resident of Chisholm, Minnesota. From approximately 2000 to 2015, Plaintiff Dan Burdick was regularly exposed to PFAS through drinking water at residences and workplaces in Grand Rapids, Minnesota; Bakersfield, California; and Hibbing, Minnesota.

29.     On or about 2008, Plaintiff Dan Burdick was diagnosed with testicular cancer in Duluth, Minnesota and subsequently underwent a total right orchiectomy.

30.     Plaintiff Eric Burmeister is a citizen and resident of Minneapolis, Minnesota. From approximately 1979 to 2025, Plaintiff Eric Burmeister was regularly exposed to PFAS through drinking water at residences and workplaces in Minneapolis, Minnesota.

31.     On or about April 12, 2022, Plaintiff Eric Burmeister was diagnosed with kidney cancer in Coon Rapids, Minnesota and subsequently underwent a cryoablation.

32.     Plaintiff Robert Carman is a citizen and resident of Askov, Minnesota. From approximately 1985 to 2019, Plaintiff Robert Carman was regularly exposed to PFAS through drinking water at residences in Minneapolis, Minnesota; Little Falls; Minnesota; Sauk Rapids, Minnesota; Waite Park, Minnesota; and Randall, Minnesota.

33.     On or about 2022, Plaintiff Robert Carman was diagnosed with kidney cancer in Duluth, Minnesota and subsequently underwent a radical right nephrectomy.

34.     Plaintiff Amber Chavez is a citizen and resident of Minneapolis, Minnesota. From approximately 1986 to 2025, Plaintiff Amber Chavez was regularly exposed to PFAS through drinking water at residences and workplaces in Fort Leonard Wood, Missouri; Hopkins, Minnesota; Circle Pines, Minnesota; Minneapolis, Minnesota; Saint Paul, Minnesota; and Minnetonka, Minnesota.

35.     On or about February 2017, Plaintiff Amber Chavez was diagnosed with clear cell renal carcinoma in St. Louis Park, Minnesota and subsequently underwent a partial right nephrectomy.

36.     Plaintiff Mary Cowan is a citizen and resident of Grand Rapids, Minnesota. From approximately 1986 to 2018, Plaintiff Mary Cowan was regularly exposed to PFAS through drinking water at residences and workplaces in Minneapolis, Minnesota; Saint Paul, Minnesota; Golden Valley, Minnesota and Cedar Pines, Minnesota.

37.     On or about November 2021, Plaintiff Mary Cowan was diagnosed with kidney cancer in Rochester, Minnesota and subsequently underwent a partial right nephrectomy.

38.     Plaintiff Gregory Czech is a citizen and resident of Lester Prairie, Minnesota. From approximately 1988 to 2015, Plaintiff Gregory Czech was regularly exposed to PFAS through drinking water at residences in Sioux Falls, Minnesota and Watertown, Minnesota.

39.     On or about February 4, 2025, Plaintiff Gregory Czech was diagnosed with kidney cancer in Minneapolis, Minnesota and subsequently underwent a partial right nephrectomy.

40.     Plaintiff Michael Dippel is a citizen and resident of Cottage Grove, Minnesota. From approximately 1993 to 2025, Plaintiff Michael Dippel was regularly exposed to PFAS through drinking water at residences and schools in Cottage Grove, Minnesota; Saint Paul Park, Minnesota; and South Saint Paul, Minnesota.

41.     On or about June 2008, Plaintiff Michael Dippel was diagnosed with testicular cancer in Woodbury, Minnesota and subsequently underwent a total left orchiectomy. On or about 2010, Plaintiff Michael Dippel was again diagnosed with testicular cancer in Woodbury, Minnesota and subsequently underwent chemotherapy treatment.

42.     Plaintiff Gregg Drost is a citizen and resident of Hopkins, Minnesota. From approximately 1973 to 2025, Plaintiff Gregg Drost was regularly exposed to PFAS through drinking water at residences and workplaces in Fort Novosel, Alabama; Calverton, New York; and Hopkins, Minnesota.

43.     On or about 2008, Plaintiff Gregg Drost was diagnosed with kidney cancer in St. Louis Park, Minnesota and subsequently underwent a partial left nephrectomy.

44.     Plaintiff Steven Esteban is a citizen and resident of Lino Lakes, Minnesota. From approximately 1975 to 2025, Plaintiff Steven Esteban was regularly exposed to PFAS through drinking water at residences in West Saint Paul, Minnesota; Saint Paul, Minnesota; Maplewood, Minnesota; and Lino Lakes, Minnesota.

45.     On or about October 2019, Plaintiff Steven Esteban was diagnosed with kidney cancer in Minneapolis, Minnesota and subsequently underwent partial left nephrectomy.

46.     Plaintiff Corey Feltus is a citizen and resident of Nashwauk, Minnesota. From approximately 2005 to 2017, Plaintiff Corey Feltus was regularly exposed to PFAS through drinking water at residences and schools in Hibbing, Minnesota and Cook, Minnesota.

47.     On or about April 7, 2023, Plaintiff Corey Feltus was diagnosed with testicular cancer in Grand Rapids, Minnesota and subsequently underwent a total left orchiectomy.

48.     Plaintiff James Fenner is a citizen and resident of Woodbury, Minnesota. From approximately 1988 to 2025, Plaintiff James Fenner was regularly exposed to PFAS through drinking

water at residences in Minnetonka, Minnesota; Saint Paul, Minnesota; Minneapolis, Minnesota; and Woodbury, Minnesota.

49.    On or about 2018, Plaintiff James Fenner was diagnosed with testicular cancer in Woodbury, Minnesota and subsequently underwent a total left orchiectomy.

50.    Plaintiff Jane Forster is a citizen and resident of Prior Lake, Minnesota. From approximately 1970 to 2025, Plaintiff Jane Forster was regularly exposed to PFAS through drinking water at residences and workplaces in Saint Paul, Minnesota; Lake Elmo, Minnesota; and Nelson, Wisconsin.

51.    On or about 2015, Plaintiff Jane Forster was diagnosed with kidney cancer in Woodbury, Minnesota and subsequently underwent a radical left nephrectomy.

52.    Plaintiff Timothy Fricke is a citizen and resident of Bethel, Minnesota. From approximately 1970 to 2024, Plaintiff Timothy Fricke was regularly exposed to PFAS through drinking water at residences and workplaces in Minneapolis, Minnesota and Brooklyn Center, Minnesota.

53.    On or about 2012, Plaintiff Timothy Fricke was diagnosed with testicular cancer in Fridley, Minnesota and subsequently underwent a total right orchiectomy.

54.    Plaintiff Nicholas Gallimore is a citizen and resident of Youngstown, Florida. From approximately 1998 to 2012, Plaintiff Nicholas Gallimore was regularly exposed to PFAS through drinking water at residences and workplaces in Fort Knox, Kentucky; Fort Benning, Columbus, Georgia; Fort Gregg-Adams, Tri-Cities, Virginia; Fort McCoy, Wisconsin; Hinckley, Minnesota; Brooklyn Park, Minnesota; Saint Cloud, Minnesota; and San Diego, California.

55.    On or about 2014, Plaintiff Nicholas Gallimore was diagnosed with thyroid disease in St. Cloud, Minnesota. On or about August 2018, Plaintiff Nicholas Gallimore was diagnosed with

62-CV-25-5179

CASE 0:25-cv-03372-NEB-DJF    Doc. 1-1    Filed 08/26/25    Page 12 of 119    Filed in District Court
State of Minnesota
6/26/2025 8:09 PM

clear cell renal carcinoma in Fort Myers, Florida and subsequently underwent a partial right nephrectomy.

56.    Plaintiff Daron Gersch is a citizen and resident of Avon, Minnesota. From approximately 1989 to 1994, Plaintiff Daron Gersch was regularly exposed to PFAS through drinking water at residences, schools, and workplaces in Joint Base San Antonio-Lackland, San Antonio, Texas; Camp Ripley, Little Falls, Minnesota; Minneapolis, Minnesota; Albert Lea, Minnesota; Saint Paul, Minnesota; Roseville, Minnesota; and Cedar Rapids, Iowa.

57.    On or about 2008, Plaintiff Daron Gersch was diagnosed with testicular cancer in Albany, Minnesota and subsequently underwent a total left orchiectomy.

58.    Plaintiff Roy Hall is a citizen and resident of Mora, Minnesota. From approximately 1977 to 2025, Plaintiff Roy Hall was regularly exposed to PFAS through drinking water at residences and workplaces in Lackland Air Force Base, San Antonio, Texas; Fort Greg-Adams, Virginia; Mountain Home Air Force Base, Idaho; Minneapolis, Minnesota; and Mora, Minnesota.

59.    On or about February 2022, Plaintiff Roy Hall was diagnosed with kidney cancer in Edina, Minnesota and subsequently underwent a radical right nephrectomy.

60.    Plaintiff Julie Howe is a citizen and resident of Wyoming, Minnesota. From approximately 1990 to 2018 Plaintiff Julie Howe was regularly exposed to PFAS through drinking water at residences in Blaine, Minnesota; Fridley, Minnesota; Hopkins, Minnesota; and Minneapolis, Minnesota.

61.    On or about January 2013, Plaintiff Julie Howe was diagnosed with clear cell renal carcinoma in Fridley, Minnesota and subsequently underwent a radical left nephrectomy. On or about 2022, Plaintiff Jule Howe was diagnosed with thyroid disease in Forest Lake, Minnesota.

62. Plaintiff Barry Howell is a citizen and resident of Circle Pines, Minnesota. From approximately 1984 to 2025, Plaintiff Barry Howell was regularly exposed to PFAS through drinking water at residences and workplaces in Circle Pines, Minnesota and Saint Paul, Minnesota.

63. On or about August 2005, Plaintiff Barry Howell was diagnosed with testicular cancer in Coon Rapids, Minnesota and subsequently underwent a total left orchiectomy and radiation treatment.

64. Plaintiff Kathleen Jagodzinski is a citizen and resident of Hastings, Minnesota. From approximately 1970 to 2017, Plaintiff Kathleen Jagodzinski was regularly exposed to PFAS through drinking water at residences in Minneapolis, Minnesota; Brooklyn Center, Minnesota; Columbia Heights, Minnesota; Paynesville, Minnesota; New Richmond, Minnesota; and Baldwin, Wisconsin.

65. On or about 1995, Plaintiff Kathleen Jagodzinski was diagnosed with thyroid disease in Minneapolis, Minnesota. On or about September 5, 2018, Plaintiff Kathleen Jagodzinski was diagnosed with kidney cancer in West Richmond, Minnesota and subsequently underwent a radical left nephrectomy.

66. Plaintiff Robert Jensen is a citizen and resident of Wyoming, Minnesota. From approximately 1970 to 1995, Plaintiff Robert Jensen was regularly exposed to PFAS through drinking water at residences and schools in White Bear Lake, Minnesota; Vadnais Heights, Minnesota; and Saint Paul, Minnesota.

67. On or about April 2023, Plaintiff Robert Jensen was diagnosed with kidney cancer in Wyoming, Minnesota and subsequently underwent a radical right nephrectomy.

68. Plaintiff Sara Kohen, on behalf of minor child K.K., is a citizen and resident of Woodbury, Minnesota. From approximately 2018 to 2025, minor child K.K. was regularly exposed to PFAS through drinking water at residences and schools in Woodbury, Minnesota.

69.     On or about February 7, 2024, minor child K.K. was diagnosed with kidney cancer in Minneapolis, Minnesota and subsequently underwent a radical left nephrectomy, adrenalectomy, lymph node dissection, and chemotherapy treatment.

70.     Plaintiff Nicholas Kranz is a citizen and resident of Cologne, Minnesota. From approximately 1959 to 2024, Plaintiff Nicholas Kranz was regularly exposed to PFAS through drinking water at residences and workplaces in Fort Leonard Wood, Louisiana; Fort Cavazos, Killeen, Texas; Fort Riley, Kansas; Fort Gordon, Georgia; and Chaska, Minnesota.

71.     On or about February 2022, Plaintiff Nicholas Kranz was diagnosed with kidney cancer in Edina, Minnesota and subsequently underwent a radical left nephrectomy.

72.     Plaintiff Randall Krug is a citizen and resident of Champlin, Minnesota. From approximately 1970 to 2025, Plaintiff Randall Krug was regularly exposed to PFAS through drinking water at residences and workplaces in Champlin, Minnesota; Hibbing, Minnesota; and Minneapolis, Minnesota.

73.     On or about November 2015, Plaintiff Randall Krug was diagnosed with kidney cancer in Coon Rapids, Minnesota and subsequently underwent a partial left nephrectomy and left lobectomy. On or about 2019, Plaintiff Randall Krug was diagnosed with thyroid disease in Anoka, Minnesota.

74.     Plaintiff Wendy Kruger-Nerud is a citizen and resident of Kasson, Minnesota. From approximately 1970 to 2012, Plaintiff Wendy Kruger-Nerud was regularly exposed to PFAS through drinking water at residences and workplaces in Byron, Minnesota and Kasson, Minnesota.

75.     On or about April 2014, Plaintiff Wendy Kruger-Nerud was diagnosed with clear cell renal carcinoma in Rochester, Minnesota and subsequently underwent a partial left nephrectomy.

76.     Plaintiff David Larson is a citizen and resident of Eden Prairie, Minnesota. From approximately 1979 to 2023, Plaintiff David Larson was regularly exposed to PFAS through drinking

water at residences and workplaces in Minneapolis, Minnesota; Hopkins, Minnesota; Saint Paul, Minnesota; and Edina, Minnesota.

77.    On or about July 2010, Plaintiff David Larson was diagnosed with clear cell renal carcinoma in Minneapolis, Minnesota and subsequently underwent a partial left nephrectomy.

78.    Plaintiff Janet Leach is a citizen and resident of Saint Paul, Minnesota. From approximately 1980 to 2025, Plaintiff Janet Leach was regularly exposed to PFAS through drinking water at residences and workplaces in Saint Paul, Minnesota and Bloomington, Minnesota.

79.    On or about February 2014, Plaintiff Janet Leach was diagnosed with kidney cancer in Minneapolis, Minnesota and subsequently underwent a radical left nephrectomy.

80.    Plaintiff Mickel Leathem is a citizen and resident of Owensboro, Kentucky. From approximately 1986 to 1997, Plaintiff Mickel Leathem was regularly exposed to PFAS through drinking water at residences and workplaces in Fort Jackson, South Carolina; Fort Johnson South, Louisiana; Fort Sam Houston, San Antonio, Texas; Fort Cavazos, Killeen, Texas; Blaine, Minnesota; and Minneapolis, Minnesota.

81.    On or about 2008, Plaintiff Mickel Leathem was diagnosed with kidney cancer in Owensboro, Kentucky and subsequently underwent a radical right nephrectomy.

82.    Plaintiff Carol Lundstrom is a citizen and resident of Woodbury, Minnesota. From approximately 1970 to 2025, Plaintiff Carol Lundstrom was regularly exposed to PFAS through drinking water at residences and schools in Saint Paul, Minnesota and Roseville, Minnesota.

83.    On or about July 2010, Plaintiff Carol Lundstrom was diagnosed with kidney cancer in Saint Paul, Minnesota and subsequently underwent a radical right nephrectomy. On or about August 2024, Plaintiff Carol Lundstrom was again diagnosed with kidney cancer in Saint Paul, Minnesota and subsequently underwent a lobectomy and wedge resection.

84.     Plaintiff Stephen Majeski is a citizen and resident of Hastings, Minnesota. From approximately 1970 to 2025, Plaintiff Stephen Majeski was regularly exposed to PFAS through drinking water at residences and workplaces in Hastings, Minnesota; Saint Paul, Minnesota; and Mesa, Arizona.

85.     On or about August 2010, Plaintiff Stephen Majeski was diagnosed with kidney cancer in Rochester, Minnesota and subsequently underwent a radical left nephrectomy and immunotherapy treatment.

86.     Plaintiff Pamela Maroney is a citizen and resident of The Villages, Florida. From approximately 1986 to 2025, Plaintiff Pamela Maroney was regularly exposed to PFAS through drinking water at residences in Osseo, Minnesota; Maple Grove, Minnesota; Arden Hills, Minnesota; and The Villages, Florida.

87.     On or about January 2009, Plaintiff Pamela Maroney was diagnosed with kidney cancer in Saint Paul, Minnesota and subsequently underwent a partial left nephrectomy.

88.     Plaintiff Matthew Martin is a citizen and resident of Dakota, Minnesota. From approximately 1995 to 2000, Plaintiff Matthew Martin was regularly exposed to PFAS through drinking water at residences in Altura, Minnesota.

89.     On or about April 2014, Plaintiff Matthew Martin was diagnosed with kidney cancer in La Crosse, Wisconsin and subsequently underwent a partial right nephrectomy.

90.     Plaintiff Daniel Miller is a citizen and resident of Prior Lake, Minnesota. From approximately 1995 to 2025, Plaintiff Daniel Miller was regularly exposed to PFAS through drinking water at residences and workplaces in Lakeville, Minnesota and Burnsville, Minnesota.

91.     On or about July 2024, Plaintiff Daniel Miller was diagnosed with kidney cancer in Burnsville, Minnesota and subsequently underwent a partial left nephrectomy.

92.     Plaintiff Kelly Murphy is a citizen and resident of Worthington, Minnesota. From approximately 1998 to 2025, Plaintiff Kelly Murphy was regularly exposed to PFAS through drinking water at residences in Worthington, Minnesota.

93.     On or about 2023, Plaintiff Kelly Murphy was diagnosed with kidney cancer in Sioux Falls, South Dakota and subsequently underwent a radical left nephrectomy and chemotherapy treatment.

94.     Plaintiff Anita Nelson is a citizen and resident of Dayton, Minnesota. From approximately 1987 to 2014, Plaintiff Anita Nelson was regularly exposed to PFAS through drinking water at residences and workplaces in Minneapolis, Minnesota; Brooklyn Park, Minnesota; and Elk River, Minnesota.

95.     On or about 2017, Plaintiff Anita Nelson was diagnosed with kidney cancer in Burnsville, Minnesota and subsequently underwent a radical left nephrectomy.

96.     Plaintiff Patrick Oetterer is a citizen and resident of Hinckley, Minnesota. From approximately 1996 to 2025, Plaintiff Patrick Oetterer was regularly exposed to PFAS through drinking water at residences in Burnsville, Minnesota; Columbia Heights, Minnesota; Minneapolis, Minnesota; and Hinckley, Minnesota.

97.     On or about 2011, Plaintiff Patrick Oetterer was diagnosed with testicular cancer in Duluth, Minnesota and subsequently underwent a total right orchiectomy and chemotherapy treatment.

98.     Plaintiff Mary Olson is a citizen and resident of East Bethel, Minnesota. From approximately 1970 to 1997, Plaintiff Mary Olson was regularly exposed to PFAS through drinking water at residences and schools in Little Canada, Minnesota; Woodbury, Minnesota; and Shoreview, Minnesota.

99.    On or about 2013, Plaintiff Mary Olson was diagnosed with kidney cancer in Forest Lake, Minnesota and subsequently underwent a right nephroureterectomy.

100.    Plaintiff Rebecca Osborne is a citizen and resident of McGregor, Minnesota. From approximately 1979 to 2025, Plaintiff Rebecca Osborne was regularly exposed to PFAS through drinking water at residences and workplaces in MacDill Air Force Base, Tampa, Florida; Minneapolis, Minnesota; Riverview, Florida; Fridley, Minnesota; Bloomington, Minnesota; and McGregor, Minnesota.

101.    On or about January 11, 2011, Plaintiff Rebecca Osborne was diagnosed with kidney cancer in St. Louis Park, Minnesota and subsequently underwent a radical right nephrectomy.

102.    Plaintiff Catherine Perry is a citizen and resident of Woodbury, Minnesota. From approximately 1979 to 2021, Plaintiff Catherine Perry was regularly exposed to PFAS through drinking water at residences in Saint Paul Park, Minnesota; Cottage Grove, Minnesota; and Saint Paul, Minnesota.

103.    On or about July 2018, Plaintiff Catherine Perry was diagnosed with kidney cancer in Melbourne, Florida and subsequently underwent a radical left nephrectomy.

104.    Plaintiff Gaylord Quinn is a citizen and resident of Blaine, Minnesota. From approximately 1977 to 2018, Plaintiff Gaylord Quinn was regularly exposed to PFAS through drinking water at residences in Joint Base San Antonio-Lackland, San Antonio, Texas; Inver Grover Heights, Minnesota; Saint Paul, Minnesota; Corpus Christi, Texas; Hopkins, Minnesota; Excelsior, Minnesota; Fridley, Minnesota; Plymouth, Minnesota; and Spring Lake Park, Minnesota.

105.    On or about July 2007, Plaintiff Gaylord Quinn was diagnosed with testicular cancer in Minneapolis, Minnesota and subsequently underwent a total right orchiectomy.

106.    Plaintiff Joy Regan is a citizen and resident of Champlin, Minnesota. From approximately 1974 to 2025, Plaintiff Joy Regan was regularly exposed to PFAS through drinking

water at residences in Robbinsdale, Minnesota; Minneapolis, Minnesota; New Hope, Minnesota; Minnetonka, Minnesota; Maple Grove, Minnesota; and Champlin, Minnesota.

107.    On or about 1977, Plaintiff Joy Regan was diagnosed with thyroid disease in Robbinsdale, Minnesota. On or about June 2016, Plaintiff Joy Regan was diagnosed with kidney cancer in Coon Rapids, Minnesota and subsequently underwent a cryoablation.

108.    Plaintiff Robert Rice is a citizen and resident of Kenyon, Minnesota. From approximately 1970 to 2020, Plaintiff Robert Rice was regularly exposed to PFAS through drinking water at residences and schools in Minneapolis, Minnesota; Saint Paul, Minnesota; Bloomington, Minnesota; and Faribault, Minnesota.

109.    On or about November 2019, Plaintiff Robert Rice was diagnosed with kidney cancer in Minneapolis, Minnesota and subsequently underwent a radical nephrectomy. On or about March 2024, Plaintiff Robert Rice was again diagnosed with kidney cancer in Minneapolis, Minnesota and subsequently underwent related treatment.

110.    Plaintiff Lonnie Rogowski is a citizen and resident of Grand Rapids, Minnesota. From approximately 1985 to 2015, Plaintiff Lonnie Rogowski was regularly exposed to PFAS through drinking water at residences in Saint Paul, Minnesota; Maplewood, Minnesota; and Grand Rapids, Minnesota.

111.    On or about 2015, Plaintiff Lonnie Rogowski was diagnosed with kidney cancer in Cottage Grove, Minnesota and subsequently underwent a radical right nephrectomy.

112.    Plaintiff Robert Saffrin is a citizen and resident of Elk River, Minnesota. From approximately 1976 to 2025, Plaintiff Robert Saffrin was regularly exposed to PFAS through drinking water at residences in Minneapolis, Minnesota; Coon Rapids, Minnesota; and Elk River, Minnesota.

113.    On or about October 2024, Plaintiff Robert Saffrin was diagnosed with kidney cancer in Coon Rapids, Minnesota and subsequently underwent immunotherapy treatment.

114.    Plaintiff Robert Saurdiff is a citizen and resident of Sauk Centre, Minnesota. From approximately 1977 to 2012, Plaintiff Robert Saurdiff was regularly exposed to PFAS through drinking water at residences in Naval Base San Diego, San Diego, California; Joint Base Pearl Harbor-Hickam, Honolulu, Hawaii; Moorhead, Minnesota; Bremerton, Washington; and Alexandria, Minnesota.

115.    On or about 2008, Plaintiff Robert Saurdiff was diagnosed with testicular cancer in Rochester, Minnesota and subsequently underwent a total left orchiectomy.

116.    Plaintiff David Schramm is a citizen and resident of Arden Hills, Minnesota. From approximately 1985 to 2025, Plaintiff David Schramm was regularly exposed to PFAS through drinking water at residences and schools in Saint Paul, Minnesota; Roseville, Minnesota; Maplewood, Minnesota; Orlando, Florida; Falcon Heights, Minnesota; and Arden Hills, Minnesota.

117.    On or about 2012, Plaintiff David Schramm was diagnosed with clear cell renal carcinoma in Saint Paul, Minnesota and subsequently underwent a radical right nephrectomy, immunotherapy, and radiation treatment.

118.    Plaintiff Jason Smith is a citizen and resident of Woodbury, Minnesota. From approximately 1993 to 2025, Plaintiff Jason Smith was regularly exposed to PFAS through drinking water at residences in Coon Rapids, Minnesota; Saint Paul, Minnesota; Hugo, Minnesota; Lino Lakes, Minnesota; Woodbury, Minnesota; and Maplewood, Minnesota.

119.    On or about October 2024, Plaintiff Jason Smith was diagnosed with kidney cancer in Woodbury, Minnesota and subsequently underwent a radical right nephrectomy.

120.    Plaintiff Regina Turning is a citizen and resident of Oakdale, Minnesota. From approximately 1984 to 2025, Plaintiff Regina Turning was regularly exposed to PFAS through

drinking water at residences and workplaces in Sain Paul, Minnesota; Oakdale, Minnesota; and Maplewood, Minnesota.

121.    On or about 2012, Plaintiff Regina Turning was diagnosed with thyroid disease in Saint Paul, Minnesota. On or about September 2014, Plaintiff Regina Turning was diagnosed with kidney cancer in Woodbury, Minnesota and subsequently underwent a partial right nephrectomy.

122.    Plaintiff Judy Vessels is a citizen and resident of Mora, Minnesota. From approximately 1970 to 2025, Plaintiff Judy Vessels was regularly exposed to PFAS through drinking water at residences in Minneapolis, Minnesota; Plymouth, Minnesota; Hinckley, Minnesota; Saint Paul, Minnesota; Anoka, Minnesota; and Mora, Minnesota.

123.    On or about February 2019, Plaintiff Judy Vessels was diagnosed with kidney cancer in Mora, Minnesota and subsequently underwent a radical right nephrectomy.

124.    Plaintiff John Widholm is a citizen and resident of Blaine, Minnesota. From approximately 1987 to 2025, Plaintiff John Widholm was regularly exposed to PFAS through drinking water at residences in Minneapolis, Minnesota; Titusville, Florida; Robbinsdale, Minnesota; and Blaine, Minnesota.

125.    On or about 2018, Plaintiff John Widholm was diagnosed with kidney cancer in Coon Rapids, Minnesota and subsequently underwent a cryoablation.

126.    Plaintiff Craig Wittich is a citizen and resident of Woodbury, Minnesota. From approximately 1970 to 2019, Plaintiff Craig Wittich was regularly exposed to PFAS through drinking water at residences, schools, and workplaces in Saint Paul, Minnesota; Stillwater, Minnesota; and Bayport, Minnesota.

127.    On or about December 2024, Plaintiff Craig Wittich was diagnosed with kidney cancer in Woodbury, Minnesota and subsequently underwent a partial left nephrectomy.

128.    Plaintiff Jack Youngberg is a citizen and resident of Shakopee, Minnesota. From approximately 1990 to 2025, Plaintiff Jack Youngberg was regularly exposed to PFAS through drinking water at residences in Minneapolis, Minnesota and Shakopee, Minnesota.

129.    On or about August 2005, Plaintiff Jack Youngberg was diagnosed with testicular cancer in St. Louis Park, Minnesota and subsequently underwent a total right orchiectomy and chemotherapy treatment.

### B.    Defendants

130.    Upon information and belief, the following Defendants designed, manufactured, formulated, marketed, promoted, distributed, and/or sold the Fluorosurfactant Products to which Plaintiffs were exposed.

131.    **3M:** Defendant 3M Company (f/k/a Minnesota Mining and Manufacturing Company) ("3M") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 3M Center, St. Paul, Minnesota 55144 in Ramsey County. At all times relevant, 3M manufactured, marketed, promoted, distributed, and/or sold AFFF containing PFOA and/or PFOS used to fight fires at numerous military bases, airports, and other locations throughout the country.

132.    3M is the only company that manufactured and/or sold AFFF containing PFOS.

133.    **AGC AMERICA:** Defendant AGC Chemical Americas, Inc. ("AGC America") is a Delaware corporation with its principal business office at 55 E. Uwchlan Avenue, Suite 201, Exton, Pennsylvania 19341. Upon information and belief, AGC America is a subsidiary of AGC, Inc., a Japanese corporation formerly known as Asahi Glass Company, Ltd.

134.    **AGC:** Defendant AGC, Inc. f/k/a Asahi Glass Co., Ltd. ("AGC"), is a corporation organized under the laws of Japan and does business throughout the United States. AGC has its principal place of business at 1-5-1, Marunouchi, Chiyoda-ku, Tokyo 100-8405 Japan.

135.    **ARCHROMA US:** Defendant Archroma U.S., Inc. ("Archroma US") is a Delaware corporation with its principal place of business located at 5435 77 Center Dr., #10, Charlotte, North Carolina 28217. Upon information and belief, Archroma U.S., Inc. is a subsidiary of Archroma Management, LLC, and supplied Fluorosurfactant Products for use in AFFF.

136.    **ARKEMA:** Defendant Arkema, Inc. is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business at 900 1st Avenue, King of Prussia, Pennsylvania 19406. Arkema, Inc. is an operating subsidiary of Arkema France, S.A.

137.    **BASF:** Defendant BASF Corporation ("BASF") is a Delaware corporation with its principal place of business at 100 Park Avenue, Florham Park, New Jersey 07932. Upon information and belief, BASF acquired Ciba-Geigy Corporation and/or Ciba Specialty Chemicals.

138.    **BUCKEYE:** Defendant Buckeye Fire Equipment Company ("Buckeye") is a foreign corporation organized and existing under the laws of the State of Ohio, with its principal place of business at 110 Kings Road, Mountain, North Carolina 28086. This Defendant manufactured and sold AFFF that contained PFOA.

139.    **CHEMDESIGN:** Defendant ChemDesign Products, Inc. ("ChemDesign") is a Texas corporation with its principal place of business located at 2 Stanton Street, Marinette, Wisconsin 54143.

140.    **CHEMGUARD:** Defendant Chemguard, Inc. ("Chemguard") is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business located at One Stanton Street, Marinette, Wisconsin 54143. This Defendant manufactured and sold AFFF that contained PFOA.

141.    **CLARIANT:** Defendant Clariant Corporation ("Clariant") is a New York corporation with its principal place of business located at 4000 Monroe Road, Charlotte, North Carolina 28205.

142.    **CORTEVA:** Defendant Corteva, Inc. ("Corteva") is a Delaware corporation with its principal place of business located at 974 Centre Road, Wilmington, Delaware 19805.

143.    **DUPONT DE NEMOURS:** Defendant DuPont De Nemours, Inc. (f/k/a DowDuPont, Inc.) is a Delaware corporation with its principal place of business located at 974 Centre Road, Building 730, Wilmington, Delaware 19805. DowDuPont, Inc. was formed in 2017 as a result of the merger of Dow Chemical and DuPont.

144.    Upon information and belief, Corteva was originally formed in February 2018 as a wholly-owned subsidiary of DowDuPont, Inc. On June 1, 2019, DowDuPont, Inc. separated its agriculture business through the spin-off of Corteva. In doing so, DowDuPont, Inc. distributed all issued and outstanding shares of Corteva common stock to DowDuPont, Inc. stockholders by way of a pro-rata dividend. Upon information and belief, following that distribution, Corteva became the direct parent of DuPont, and holds certain DowDuPont, Inc. assets and liabilities.

145.    Following the June 1, 2019 spin-off of Corteva and of another entity, Dow, Inc., DowDuPont, Inc. changed its name to DuPont De Nemours, Inc. ("New DuPont"). Upon information and belief, New DuPont retained assets in the specialty products business lines, as well as the balance of the financial assets and liabilities of DuPont not assumed by Corteva.

146.    **DYNAX:** Defendant Dynax Corporation ("Dynax") is a Delaware corporation with its principal place of business located at 103 Fairview Park Drive, Elmsford, New York 10523. Upon information and belief, this Defendant manufactured Fluorosurfactant Products for use in AFFF.

147.    **DUPONT:** Defendant E. I. Du Pont De Nemours and Company ("DuPont") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 974 Centre Road, Wilmington, Delaware 19805.

148.    **CHEMOURS:** Defendant The Chemours Company ("Chemours") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business

located at 1007 Market Street, Wilmington, Delaware 19899.

149.    In 2015, DuPont spun off its "Performance Chemicals" business to Chemours, along with certain environmental liabilities. Upon information and belief, at the time of the transfer of its Performance Chemicals business to Chemours, DuPont had been sued, threatened with suit and/or had knowledge of the likelihood of litigation to be filed regarding DuPont's liability for damages and injuries arising from the manufacture and sale of PFAS compounds and products that contain PFAS compounds.

150.    **CHEMOURS FC:** Defendant The Chemours Company FC LLC ("Chemours FC"), successor in interest to DuPont Chemical Solutions Enterprise, is a Delaware limited liability company that conducts business throughout the United States. Its principal place of business is 1007 Market Street Wilmington, Delaware, 19899.

151.    **TYCO:** Defendant Tyco Fire Products L.P. ("Tyco") is a limited partnership organized and existing under the laws of the State of Delaware with its principal place of business located at 1400 Pennbrook Parkway, Lansdale, Pennsylvania 19446.

152.    Tyco is an indirect subsidiary that is wholly owned by Johnson Controls International P.L.C., an Irish public limited company listed on the New York Stock Exchange

153.    Tyco manufactures the Ansul brand of products and is the successor-in-interest to the corporation formerly known as The Ansul Company ("Ansul") (hereinafter, Ansul and/or Tyco as the successor-in-interest to Ansul will be referred to collectively as "Tyco"). At all times relevant, Tyco manufactured, marketed, promoted, distributed, and/or sold fire suppression products, including AFFF that contained fluorocarbon surfactants containing PFAS.

154.    Upon information and belief, Defendant John Does 1-49 were manufacturers and/or sellers of AFFF products. Although the identities of the John Doe Defendants are currently unknown, it is expected that their names will be ascertained during discovery, at which time the Plaintiffs will

move for leave of this Court to add those individuals' actual names to the Complaint as Defendants.

155.     All of the foregoing Defendants, upon information and belief, have previously conducted and/or currently conduct their business throughout the United States. Moreover, some of the foregoing Defendants, if not all, have conducted and/or are currently conducting business in the State of Minnesota.

156.     Any and all references to a Defendant or Defendants in this Complaint include any predecessors, successors, parents, subsidiaries, affiliates and divisions of the named Defendants.

157.     The term "Defendants," without naming any specific one, refers to all Defendants named in this Complaint jointly and severally. When reference is made to any act or omission of the Defendants, it shall be deemed to mean that the officers, directors, agents, employees, or representatives of the Defendants committed or authorized such act or omission, or failed to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation or control of the affairs of Defendants, and did so while acting within the scope of their employment or agency.

### III.     JURISDICTION & VENUE

158.     This Court has jurisdiction pursuant to M.S.A. § 484.01 as this civil action arose in this district.

159.     This Court may exercise personal jurisdiction over Defendants because they transacted business within the State by manufacturing products and distributing them via the national stream of commerce to all states including Minnesota. Defendants also committed acts outside Minnesota that caused personal injury in Minnesota. The State has a substantial interest in providing its injured citizens a forum to redress legal injuries, and the burden placed on Defendants would not violate fairness and substantial justice.

160.    Venue is appropriate in this county pursuant to M.S.A. § 542.09 as the cause of action arose in this county.

## IV.    FACTUAL ALLEGATIONS

### A.    The PFAS Contaminants at Issue: PFOA and PFOS

161.    Both PFOA and PFOS fall within a class of chemical compounds known as perfluoroalkyl acids ("PFAAs"). PFAAs are then part of a larger chemical family recognized as per- and polyfluoroalkyl substances ("PFAS"). PFAA is composed of a chain of carbon atoms in which all but one of the carbon atoms are bonded to fluorine atoms, meanwhile the last carbon atom is attached to a functional group. The carbon-fluorine bond is one of the strongest chemical bonds that occur in nature.

162.    PFAAs are sometimes described as long-chain and short-chain compounds, depending on the number of carbon atoms contained in the carbon chain. PFOA and PFOS are considered long-chain PFAAs because they each have eight carbon atoms in their chains.

163.    PFOA and PFOS are stable, man-made chemicals.  They are highly water soluble, persistent in the environment and resistant to biologic, environmental, or photochemical degradation. Because these compounds are water soluble and do not readily adsorb to sediments or soil, they tend to stay in the water column and can be transported long distances.

164.    Both PFOA and PFOS are readily absorbed in animal and human tissues after oral exposure and accumulate in the serum, kidney, and liver. They have been found globally in water, soil and air as well as in human food supplies, breast milk, umbilical cord blood, and human blood serum.[1]

---

[1] EPA, *Health Effects Support Document for Perfluorooctane Sulfonate (PFOS),* Document No. EPA 822-R-16-002 (May 2016), available at https://www.epa.gov/sites/default/files/2016-05/documents/pfos_hesd_final_508.pdf (last accessed March 11, 2025);  EPA, *Health Effects Support Document for Perfluorooctanoic Acid (PFOA)*, available at

165.    Moreover, PFOA and PFOS are persistent in the human body and resistant to metabolic degradation. A short-term exposure can result in a body burden that persists for years and can increase with additional exposures.[2]

166.    Notably, from the time these two compounds were first produced, information has emerged showing negative health effects caused by exposure to PFOA and PFOS. According to the EPA, PFOA and PFOS are associated with high cholesterol, thyroid disorders, pregnancy-induced hypertension, preeclampsia, reproductive, developmental, and systemic effects, and cancers.[3]

167.    The EPA has warned that there is suggestive evidence of the carcinogenic potential for PFOA and PFOS in humans.[4]

168.    Additionally, the EPA has noted that drinking water can be an additional source of PFOA and PFOS in the body.[5]

169.    The EPA continues to research the effects of PFAS.  In June 2022, after evaluating over 400 studies published since 2016 and applying human health risk assessment approaches, tools, and models EPA concluded that the new data indicates that the levels of PFOA and/or PFOS exposure at which negative outcomes could occur are much lower than previously understood when

_____

https://www.epa.gov/sites/default/files/2016-05/documents/pfoa_hesd_final-plain.pdf (last accessed March 11, 2025).

[2] *See* notes 1, 2, *supra.  See also* EPA, Technical *Fact Sheet – Perflurooctane Sulfonate (PFOS) and Perfluorooctanoic Acid (PFOA),* available at  https://www.regulations.gov/document/EPA-HQ-TRI-2022-0270-0009 (last accessed March 11, 2025).

[3] *Id.*

[4] *See* EPA, *Health Effects Support Document for Perfluorooctane Sulfonate (PFOS)*, Document Number: 822 R-16-002, available at https://www.epa.gov/sites/default/files/2016-05/documents/pfos_hesd_final_508.pdf (last accessed March 11, 2025).
[5] EPA, Technical *Fact Sheet – Perfluorooctane Sulfonate (PFOS) and Perfluorooctanoic Acid (PFOA),* available at  https://www.regulations.gov/document/EPA-HQ-TRI-2022-0270-0009 (last accessed March 11, 2025).

the agency issued its 2016 HAs for PFOA and PFOS (70 parts per trillion or ppt). The EPA therefore announced new Interim Updated Health Advisory levels for PFOA of 0.004 ppt and 0.02 ppt for PFOS.[6]

170.    In April, 2024, EPA established legally enforceable levels, called Maximum Contaminant Levels (MCLs), for six PFAS in drinking water: PFOA, PFOS, PFHxS, PFNA, and HFPO-DA as contaminants with individual MCLs, and PFAS mixtures containing at least two or more of PFHxS, PFNA, HFPO-DA, and PFBS using a Hazard Index MCL to account for the combined and co-occurring levels of these PFAS in drinking water. EPA also finalized health-based, non-enforceable Maximum Contaminant Level Goals (MCLGs) for these PFAS.  The MCLs for PFOA and PFOS are each 4 parts per trillion ("ppt").[7]

B.    **Aqueous Film-Forming Foam (AFFF) Contained PFOS and/or PFOA at Relevant Times**

171.    Aqueous Film-Forming Foam ("AFFF") is a water-based foam that was first developed in the 1960s to extinguish flammable liquid fuel fires at airports, among other places.

172.    Generally, AFFF is used to extinguish fires, particularly fires that involve petroleum or other flammable liquids. AFFF is typically sprayed directly onto a fire, where it then works by coating the ignited fuel source, preventing its contact with oxygen, and suppressing combustion.

173.    The AFFF products made by Defendants during the relevant time period contained either or both PFOA and PFOS. AFFF produced, marketed, and/or sold by 3M was the only AFFF

---

[6] EPA, *Technical Fact Sheet: Drinking Water Health Advisories for Four PFAS (PFOA, PFOS, GenX chemicals, and PFBS)*, Document Number 822-F-22-002, available at https://nepis.epa.gov/Exe/ZyPURL.cgi?Dockey=P10154ST.txt (last accessed March 11, 2025).

[7] EPA, Per- and *Polyfluoroalkyl Substances (PFAS), Final PFAS National Primary Drinking Water Regulation*, available at https://www.epa.gov/sdwa/and-polyfluoroalkyl-substances-pfas (last accessed March 11 2025).

62-CV-25-5179

CASE 0:25-cv-03372-NEB-DJF    Doc. 1-1    Filed 08/26/25    Page 30 of 119    Filed in District Court
State of Minnesota
6/26/2025 8:09 PM

produced from fluorochemicals manufactured through electrochemical fluorination ("ECF"), a process that generates PFOS. All other Defendants used telomerization to produce AFFF. Fluorochemicals synthesized through telomerization degrade into PFOA, but not PFOS.

174.    When used as the Defendants intended and directed, AFFF causes PFOA, PFOS, and/or other PFAS compounds to enter the body of those handling, using, or otherwise exposed to the foam (including firefighters).  When using AFFF, firefighters may absorb PFOA and PFOS through their skin, inhale PFOA and PFOS compounds, or inadvertently ingest PFOA and PFOS compounds.

175.    Notably, AFFF can be made without PFOA and PFOS.  Unlike AFFF made with PFOA or PFOS, fluorine-free foams do not pose a significant health risk to individuals.

176.    Despite having knowledge of this fact—as well as having knowledge regarding the toxic nature of AFFF made with PFOA and/or PFOS—Defendants continued to manufacture, distribute and/or sell AFFF with PFOA and/or PFOS, which has ultimately led to Plaintiffs' injuries.

C.  **Defendants' Knowledge of PFOA and PFOS Hazards**

177.    On information and belief, by the 1970s, Defendants knew, or reasonably should have known, among other things, that: (1) PFOA and PFOS are toxic; and (2) when AFFF is used per the instructions given by the manufacturer, users, handlers, and nearby bystanders are exposed to PFOA and PFOS by inhalation, ingestion, or skin absorption.

178.    At all times pertinent herein, Defendants also knew or should have known that PFOA and PFOS present a risk to human health and could be absorbed into the lungs and gastrointestinal tract, potentially causing severe damage to the liver, kidneys, and central nervous system, in addition to other toxic effects, and that PFOA and PFOS are known carcinogens that cause genetic damage.

179.    For instance, in 1980, 3M published data in peer reviewed literature showing that humans retain PFOA in their bodies for years. Based on that data, 3M estimated that it could take a

62-CV-25-5179

CASE 0:25-cv-03372-NEB-DJF    Doc. 1-1    Filed 08/26/25    Page 31 of 119    Filed in District Court
State of Minnesota
6/26/2025 8:09 PM

person up to 1.5 years to clear just half of the accumulated PFOA from their body after all exposures had ceased.[8]

180.    By the early 1980s, the industry suspected a correlation between PFOA exposure and human health effects. Specifically, manufacturers observed bioaccumulation of PFOA in workers' bodies and birth defects in children of workers.

181.    In 1981, DuPont tested for and found PFOA in the blood of female plant workers in Parkersburg, West Virginia. DuPont observed and documented pregnancy outcomes in exposed workers, finding two of seven children born to female plant workers between 1979 and 1981 had birth defects—one an "unconfirmed" eye and tear duct defect, and one a nostril and eye defect.[9]

182.    Beginning in 1983, 3M documented a trend of increasing levels of PFOA in the bodies of 3M workers. In an internal memo, 3M's medical officer warned: "[W]e must view this present trend with serious concern. It is certainly possible that [...] exposure opportunities are providing a potential uptake of fluorochemicals that exceeds excretion capabilities of the body."[10]

183.    Based on information and belief, in 2000, under pressure from the EPA, 3M announced that it was phasing out PFOS and U.S. production of PFOS; 3M's PFOS-based AFFF production did not fully phase out until 2002.   The company stopped producing PFOA at approximately the same time.

---

[8] *See* Ubel, F.A., Sorenson, S.D., and Roach, D.E., *Health status of plant workers exposed to fluorochemicals - a preliminary report.* Journal Am. Ind Hyg. Assoc. J 41:584-89 (1980).

[9] *See* DuPont, *C-8 Blood Sampling Results,* available at https://static.ewg.org/files/PFOA_013.pdf?_gl=1*anldwl*_ga*NTgxNzgzMTc3LjE2ODI2ODk5ODk5ODk5ODk5ODk1NZTM1ZDk0MC4wLjAuMA..&_ga=2.26293428.885409355.1683587869-581783177.1682689989 (last accessed March 11, 2025).

[10] *See* 3M, Internal Memorandum, *Organic Fluorine Levels*, (August 31, 1984), Office of Minnesota Attorney General, Exhibit List, No. 1313,-available at https://www.ag.state.mn.us/Office/Cases/3M/StatesExhibits.asp (last accessed March 11, 2025).

184.    From 1951, DuPont, and on information and belief, Chemours, designed, manufactured, marketed and sold Fluorosurfactant Products, including Teflon nonstick cookware, and more recently PFAS feedstocks such as Forafac 1157 N, for use in the manufacturing of AFFF products.

185.    On information and belief, by no later than 2001 Old DuPont manufactured, produced, marketed, and sold Fluorosurfactant Products and/or PFAS feedstocks to some or all of the AFFF product manufacturers for use in their AFFF products that harmed Plaintiffs.

186.    DuPont had been studying the potential toxicity of PFOA since at least the 1960s and knew that it was contaminating drinking water drawn from the Ohio River and did not disclose to the public or to government regulators what they knew about the substance's potential effects on humans, animals, or the environment.[11]

187.    By December 2005, the EPA uncovered evidence that DuPont concealed the environmental and health effects of PFOA, and the EPA announced the "Largest Environmental Administrative Penalty in Agency History." The EPA fined DuPont $16,500,000 for violating the Toxic Substances Control Act "Section 8(e)—the requirement that companies report to the EPA substantial risk information about chemicals they manufacture, process or distribute in commerce."[12]

188.    By July 2011, DuPont could no longer credibly dispute the human toxicity of PFOA, which it continued to manufacture. The "C8 Science Panel" created as part of the settlement of a class action over DuPont's releases from the Washington Works plant had reviewed the available scientific

---

[11] EPA, Consent Agreement and Final Order, *In re E.I. DuPont de Nemours & Co.*, TSCA Docket TSCA-HQ-2004-0016 (Dec. 14, 2005), available at https://www.epa.gov/sites/default/files/documents/dupontpfoasettlement121405.pdf (last accessed March 11, 2025).

[12] *Id.*

evidence and notified DuPont of a "probable link"[13] between PFOA exposure and the serious (and potentially fatal) conditions of pregnancy-induced hypertension and preeclampsia.[14] By October 2012, the C8 Science Panel had notified DuPont of a probable link between PFOA and five other conditions—high cholesterol, kidney cancer, thyroid disease, testicular cancer, and ulcerative colitis.

189.    In July 2015, DuPont spun off its chemicals division by creating Chemours as a new publicly traded company, once wholly owned by DuPont. By mid-2015, DuPont had dumped its perfluorinated chemical liabilities into the lap of the new Chemours.

190.    Defendants also knew or should have known that: (a) users of AFFF would likely include fire and rescue training organizations and their personnel; (b) fire and rescue personnel were foreseeable users of AFFF that degraded into or released PFOA and/or PFOS in both training and real-life fire emergency scenarios; (c) PFOA and PFOS are dangerous to human health when used by fire and rescue personnel; (d) fire and rescue personnel foreseeably lacked knowledge of these dangers; and, (e) fire and rescue personnel would require warnings of these dangers and/or affirmative instructions in the use of AFFF.

191.    Notwithstanding this knowledge, Defendants negligently and carelessly: designed, manufactured, marketed, purchased, supplied, and/or sold PFOA/PFOS; designed, manufactured, marketed, purchased, supplied, and/or sold AFFF;  issued instructions on how AFFF should be used and disposed of; failed to recall and/or warn the users of AFFF of the dangers to human health that result from the standard use, handling, and disposal of these products; negligently designed products

---

[13] Under the settlement, "probable link," means that given the available scientific evidence, it is more likely than not that among class members a connection exists between PFOA/C8 exposure and a particular human disease. *See* C8 Panel, *C8 Probable Link Reports*, available at http://www.c8sciencepanel.org/prob_link.html (last accessed March 11, 2025).

[14] *See* C8 Science Panel, Status Report: PFOA (C8) exposure and pregnancy outcome among participants in the C8 Health Project (July 15, 2011), available at http://www.c8sciencepanel.org/pdfs/Status_Report_C8_and_pregnancy_outcome_15July2011.pdf (last accessed March 11, 2025).

containing or degrading into PFOA and/or PFOS; and further failed and refused to issue the appropriate warnings to the users of AFFF containing PFOA and/or PFOS, notwithstanding the fact that Defendants knew the identity of the purchasers of the PFOA/PFOS.

192.    As a direct result of Defendants' acts alleged in this Complaint, Plaintiff suffered severe health effects directly caused by exposure to AFFF containing PFOA and/or PFOS.  As a direct and proximate result, Plaintiffs and their beneficiaries incurred substantial harm, both economic and non-economic.

193.    Defendants had a duty and breached their duty to evaluate and test such products adequately and thoroughly to determine their potential human health impacts before they sold such products. They also had a duty and breached their duty to minimize the risk of harm to human health caused by PFOA and PFOS.

**D.  The Impact of PFOA and PFOS on the Plaintiffs**

194.    Plaintiffs have been significantly and continuously exposed to PFOA and PFOS over many years as a result of Defendants' conduct.

195.    Plaintiffs have been diagnosed with the serious injuries set forth above, including kidney cancer, testicular cancer, thyroid disease, and ulcerative colitis.

196.    Plaintiffs' injuries were directly caused by Defendants' Fluorosurfactant Products.

197.    The use of Fluorosurfactant Products as directed and intended by the manufacturers caused Plaintiffs' exposure to PFOA and PFOS, which caused Plaintiffs' injuries.

198.    Therefore, as a direct and proximate result of Defendants' tortious conduct as discussed in this complaint, Plaintiffs were damaged in the following ways:

    a.    Plaintiffs suffered physical pain and mental anguish;

    b.    Plaintiffs incurred hospital, medical, pharmaceutical and other expenses; and

c.    Plaintiffs experienced undue stress related to their diagnoses, medical conditions, and uncertainty about their prognoses.

**FIRST CAUSE OF ACTION**
**STRICT LIABILITY -- DEFECTIVE DESIGN**

199.    Plaintiffs reallege and reaffirm each and every allegation set forth in all preceding paragraphs as if fully restated in this cause of action.

200.    Defendants were in the business of producing, making, fabricating, constructing, designing, marketing, and selling AFFF containing PFOA and/or PFOS.

201.    All of Defendants' AFFF products were manufactured for placement into trade or commerce.

202.    Defendants marketed and sold AFFF for use in fire-fighter training activities and in controlling and extinguishing aviation, marine, fuel and other shallow spill fires.

203.    As manufacturers, designers, refiners, formulators, distributors, suppliers, sellers and marketers, Defendants owed a duty to all persons whom its products might foreseeably harm, including Plaintiffs, not to market any product which is unreasonably dangerous in design for its intended, foreseeable, and reasonably anticipated uses.

204.    Defendants knew of the human health risks associated with PFOA and PFOS and failed to use reasonable care in the design of their AFFF products.

205.    Defendants knew specifically that firefighters would be exposed to these toxic compounds during fire protection, training, and response activities even when the AFFF was used as directed and intended by the manufacturer.

206.    Defendants knew or should have known, that use of Defendants' AFFF products in their intended manner would result in the release of, and exposure of Plaintiffs to, PFOA, PFOS, and/or their chemical precursors.

207.    Furthermore, Defendants knew, or should have known, that their Fluorosurfactant Products were toxic, could not be contained, and do not readily degrade in the environment.

208.    When Defendants placed AFFF products into the stream of commerce, they were defective, unreasonably dangerous, and not reasonably fit, suitable, and safe for their intended, foreseeable and ordinary transportation, storage, handling, and uses for the following reasons:

   a.  Users of AFFF and bystanders are exposed to PFOA and PFOS when these products are used, handled, or disposed of in a foreseeable and intended manner;

   b.  PFOA and PFOS exposure may cause diseases like Plaintiffs';

   c.  PFOA and/or PFOS persist and bioaccumulate in the human body; and

   d.  PFOA and/or PFOS pose significant threats to human health.

209.    AFFF containing PFOA and/or PFOS poses greater danger to human health than would be expected by ordinary persons such as Plaintiffs and the general public.

210.    At all times, Defendants could make AFFF that did not contain PFOA or PFOS. Reasonable alternative designs existed which could prevent Plaintiffs' damage.

211.    The risks posed by PFOA/PFOS-containing AFFF far outweigh the products' utility as a flame-control chemical.

212.    The likelihood that Plaintiffs would be exposed to PFOA and/or PFOS-containing AFFF and the gravity of that exposure, far outweighed any burden on Defendants to adopt an alternative design, and outweighed the adverse effect, if any, of such alternative design on the utility of these products.

213.    Had Plaintiffs known of these dangers, they would not have purchased and/or exposed themselves to AFFF containing PFOA and/or PFOS.

214.    The above-described defects exceeded the knowledge of the ordinary person and by the exercise of reasonable care Plaintiffs would not be able to avoid the harm caused by AFFF.

215.    AFFF was distributed and sold in the manner intended or reasonably foreseen by the Defendants, or as should have been reasonably foreseen by Defendants.

216.    AFFF products were in a defective condition when they left Defendants' control, and the products reached the consumer in a condition substantially unchanged from that in which it left Defendants' control.

217.    As a direct and proximate result of Defendants' failure to warn, Plaintiffs suffered personal injuries and costs and damages resulting therefrom.

218.    Defendants knew that intended handling, storage, and use of their AFFF products presented a high probability of injury; yet Defendants deliberately sold these products in conscious disregard or indifference to the high probability of injury to others.

**SECOND OF ACTION**
**STRICT LIABILITY - FAILURE TO WARN**

219.    Plaintiffs reallege and reaffirm each and every allegation set forth in all preceding paragraphs as if fully restated in this count.

220.    As manufacturers, designers, distributors, suppliers, sellers and marketers of PFOA/PFOS-containing AFFF, Defendants had a duty to provide adequate warnings of the risks of these products to all persons whom the anticipated uses and misuses of its product might foreseeably harm, including Plaintiffs, the public, and public officials.

221.    At all times, Defendants knew or should have known that PFOA/PFOS-containing AFFF is unreasonably dangerous for its reasonably anticipated uses for the following reasons:

a.    Users of AFFF and bystanders are exposed to PFOA and PFOS when AFFF is used, handled, or disposed of in its foreseeable, anticipated, and intended manner;

b.    PFOA and PFOS are likely to leach into the water supply as a result of AFFF being used, handled, and disposed of in a foreseeable and intended manner;

    c.   PFOA and PFOS exposure may cause diseases like Plaintiffs';

    d.   PFOA and/or PFOS persist and bioaccumulate in the human body; and

    e.   PFOA and/or PFOS pose significant threats to human health.

222.    The foregoing facts relating to the hazards that AFFF pose to human health are not the sort of facts that Plaintiffs, consumers, users, and the general public could ordinarily discover or protect themselves against in the absence of sufficient warnings.

223.    Defendants knew of the health risks associated with PFOA/PFOS- containing AFFF and failed to provide a warning that would lead an ordinary reasonable user, handler, or bystander of a product to contemplate the dangers associated with the product or an instruction that would have allowed Plaintiffs to avoid injury.

224.    Defendants breached their duty to warn by unreasonably failing to provide Plaintiffs, users, consumers, purchasers, and the general public with warnings about the health risks associated with exposure to PFOA and PFOS, despite Defendants' knowledge that PFOA and PFOS may cause serious medical conditions.

225.    At all relevant times, including the time AFFF products were marketed, Defendants knew of or should have reasonably foreseen the human health risks associated with PFAS-containing products and/or AFFF, and Defendants failed to provide a warning that would lead an ordinary reasonable user or handler of a product to contemplate the dangers associated with PFAS-containing products and/or or an instruction that would have prevented the harm to Plaintiffs.

226.    Defendants knew specifically that firefighters would be exposed to these toxic compounds during fire protection, training, and response activities even when the AFFF was used as anticipated, directed, and intended by the manufacturer.

62-CV-25-5179

CASE 0:25-cv-03372-NEB-DJF    Doc. 1-1    Filed 08/26/25    Page 39 of 119    Filed in District Court
State of Minnesota
6/26/2025 8:09 PM

227.    Defendants knew or should have known that PFOA and/or PFOS were leaching from AFFF used in outdoor fire control exercises and fire emergency scenarios, exposing users and bystanders to PFOA and/or PFOS.

228.    Plaintiffs would have heeded legally adequate warnings and would not have purchased products containing PFOA and PFOS or would have taken steps to ensure PFOA/PFOS-containing AFFF was handled differently to prevent potential exposure and contamination of the environment.

229.    Plaintiffs were exposed to PFOA and PFOS through use of Defendants' AFFF.

230.    Although Defendants were aware of the dangers posed by AFFF products, the dangers were unknown and not foreseeable to Plaintiffs.

231.    As a direct and proximate result of Defendants' failure to warn, Plaintiffs suffered personal injuries and costs and damages resulting therefrom.

232.    Defendants knew that intended handling, storage, and use of their AFFF products presented a high probability of injury; yet Defendants deliberately sold these products in conscious disregard or indifference to the high probability of injury to others.

### THIRD CAUSE OF ACTION
### NEGLIGENCE

233.    Plaintiffs reallege and reaffirm each and every allegation set forth in all preceding paragraphs as if fully restated in this count.

234.    As manufacturers, designers, refiners, formulators, distributors, suppliers, sellers, and marketers of PFOA/PFOS-containing AFFF, Defendants owed a duty to Plaintiffs and to all persons whom their products might foreseeably harm to exercise due care in the formulation, manufacture, sale, labeling, warning, and use of PFOA/PFOS-containing AFFF.

235. Defendants at all times had the financial and technical means to determine whether any latent defects existed in AFFF containing PFOA and PFOS and to warn customers, public officials, users, handlers, bystanders, and the general public of any such latent defects known to them, their agents and employees.

236. At all times, Defendants knew or should have known that PFOA/PFOS-containing AFFF are unreasonably dangerous for its reasonably anticipated uses for the following reasons:

    a. Users of AFFF and bystanders are exposed to PFOA and PFOS when these products are used, handled, or disposed of in a foreseeable and intended manner;

    b. PFOA and PFOS are likely to leach into the water supply as a result of AFFF being used, handled, and disposed of in a foreseeable and intended manner;

    c. PFOA and PFOS exposure may cause diseases and cancers like Plaintiffs'; and

    d. PFOA and/or PFOS pose significant threats to human health.

237. Defendants knew or should have known that PFOA and/or PFOS were leaching from AFFF used in outdoor fire control exercises and fire emergency scenarios, exposing users and bystanders to PFOA and/or PFOS.

238. Despite the fact that Defendants knew that PFOA and PFOS are toxic, are possible carcinogens, and are associated with serious medical conditions, Defendants negligently:

    a. Designed, manufactured, formulated, handled, labeled, instructed, controlled, marketed, promoted, and/or sold PFOA/PFOS-containing AFFF;

    b. Issued instructions on how AFFF should be used and disposed of, thus improperly permitting handlers, users, and bystanders to be exposed to PFOA and/or PFOS while using AFFF as intended and instructed;

    c. Failed to recall and/or warn the users of AFFF of the human health risks of exposure;

d.  Failed and refused to issue the appropriate warning and/or recalls to the users of PFOA/PFOS-containing AFFF, notwithstanding the fact that Defendants know the identity of the purchasers of the AFFF.

239.    As a direct and proximate result of Defendants' failure to warn, Plaintiffs suffered personal injuries and costs and damages resulting therefrom.

240.    Defendants knew that intended handling, storage, and use of their AFFF products presented a high probability of injury; yet Defendants deliberately sold these products in conscious disregard or indifference to the high probability of injury to others.

**FOURTH CAUSE OF ACTION**
**POST-SALE DUTY TO WARN**

241.    Plaintiffs reallege and reaffirm each and every allegation set forth in all proceeding paragraphs as if fully restated in this cause of action.

242.    At all relevant times, including the time AFFF products were marketed, Defendants knew of or should have reasonably foreseen the human health risks associated with PFAS-containing products and/or AFFF, and Defendants failed to provide a warning that would lead an ordinary reasonable user or handler of a product to contemplate the dangers associated with PFAS-containing products and/or or an instruction that would have prevented the harm to Plaintiffs.

243.    After the time of sale, Defendants knew or reasonably should have known that their AFFF products posed a substantial risk of injury to individuals; Defendants could have identified the individuals at risk and could have communicated a warning to them.

244.    Defendants knew specifically that firefighters would be exposed to these toxic compounds during fire protection, training, and response activities even when the AFFF was used as anticipated, directed, and intended by the manufacturer.

245.    The risk of harm to individuals exposed to these products is sufficiently great to justify the burden of providing a post-sale warning.

246.    Defendants failed to provide any post-sale warnings, instructions, or information regarding the risks of harm presented by their AFFF products.

247.    Defendants knew that intended handling, storage, and use of their AFFF products presented a high probability of injury; yet Defendants deliberately sold these products in conscious disregard or indifference to the high probability of injury to others.

## FIFTH CAUSE OF ACTION

### FRAUDULENT TRANSFER

### (Against DuPont and Chemours only)

248.    Plaintiffs reallege and reaffirm each and every allegation set forth in all proceeding paragraphs as if fully restated in this cause of action.

249.    Plaintiffs seek equitable and other relief pursuant to the Uniform Fraudulent Transfer Act against DuPont.

250.    Prior to and during 2015, Defendant DuPont was in the business of producing, making, fabricating, designing, marketing, and selling chemical feedstocks containing PFOA and/or chemicals that can degrade into PFOA and/or other PFAS as part of their "performance chemicals business."

251.    Upon information and belief, in February 2014, DuPont formed The Chemours Company as a wholly-owned subsidiary, and used it to spin off DuPont's "performance chemicals business" products line in July 2015.

252.    In addition to the transfer of the "performance chemicals business" products line, Chemours accepted broad assumption of liabilities for DuPont's historical use, manufacture, and discharge of PFOA and other PFAS.

Filed in District Court
State of Minnesota
6/26/2025 8:09 PM

253.    Upon information and belief, at the time of the transfer of its Performance Chemicals business to Chemours, DuPont had been sued, threatened with suit and/or had knowledge of the likelihood of litigation to be filed regarding DuPont's liability for damages and injuries from the manufacture, design, marketing and sale of PFOA or other PFAS components for the use in AFFF products.

254.    As a result of the transfer of assets and liabilities to Chemours described in this Complaint, DuPont limited the availability of assets to cover judgements for all liability for damages and injuries from the manufacture, design, marketing, sale of PFOA or other PFAS components for the use in AFFF products.

255.    DuPont has (a) acted with intent to hinder, delay and defraud creditors, or (b) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and (i) was engaged or was about to engage in a business for which the remaining assets of Chemours were unreasonably insufficient in relation to the business; or (ii) intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

256.    Upon information and belief, DuPont engaged in acts in furtherance of a scheme to transfer its assets out of the reach of creditors, such as Plaintiffs, that have been damaged as a result of DuPont's actions as described in this Complaint.

257.    Upon information and belief, DuPont and Chemours acted without receiving a reasonably equivalent value in exchange for the transfer of obligations, and DuPont believed, or reasonably should have believed, that it would incur debts beyond Chemours' ability to pay as they became due.

258.     Plaintiffs seek to avoid the transfer of DuPont's liabilities for the claims brought in this Complaint and to hold DuPont jointly and severally liable for any damages or other remedies that may be awarded by this Court or a jury under this Complaint.

## PRAYER FOR RELIEF

Plaintiffs pray for judgment against Defendants, jointly and severally, as follows:

1.     Compensatory damages according to proof including, but not limited to, past and future medical and treatment costs; non-economic damages; loss of earnings and future earnings; and household expenses, among others;

2.     Avoiding the transfer of DuPont's liabilities for the claims brought in this Complaint;

3.     Consequential damages;

4.     Pre-judgment and post-judgment interest;

5.     Attorneys' fees; and

6.     Any other and further relief as the Court deems just, proper, and equitable.

## JURY TRIAL DEMANDED

Plaintiffs demand a trial by a jury on all triable issues of fact, pursuant to Minn. R. Civ. P. 38.01.

Dated:     June 26, 2025

Respectfully submitted,

**BARON & BUDD, P.C.**
Michael Pacelli (MN Bar No. 399484)
mpacelli@baronbudd.com
Holly Werkema (FL Bar No. 71133)
*(Pro Hac Vice Forthcoming)*
hwerkema@baronbudd.com
3102 Oak Lawn Dr., Ste. 1100
Dallas, Texas 75219
Telephone: (214) 521-3605
Fax: (214) 279-9915

**COSSICH, SUMICH, PARSIOLA
& TAYLOR, LLC**
Philip F. Cossich, Jr. (LA Bar No. 1788)
*(Pro Hac Vice Forthcoming)*
pcossich@cossichlaw.com
Christina M. Cossich (LA Bar No. 32407)
*(Pro Hac Vice Forthcoming)*
ccossich@cossichlaw.com
8397 Highway 23, Suite 100
Belle Chasse, LA 70037
Telephone: (504) 394-9000

*Attorneys for Plaintiffs*

### ACKNOWLEDGMENT

By presenting this form to the court, I certify that to the best of my knowledge, information, and belief, the following statements are true. I understand that if a statement is not true, the court can order a penalty against me (such as to pay money to the other party, pay court costs, and/or other penalties).

1. The information I included in this form is based on facts and supported by existing law.

2. I am not presenting this form for any improper purpose. I am not using this form to:
   a. Harass anyone;
   b. Cause unnecessary delay in the case; or
   c. Needlessly increase the cost of litigation.

3. No judicial officer has said I am a frivolous litigant.

4. There is no court order saying I cannot serve or file this form.

5. This form does not contain any "restricted identifiers" or confidential information as defined in Rule 11 of the General Rules of Practice (https://www.revisor.mn.gov/court_rules/gp/id/11/) or the Rules of Public Access to Records of the Judicial Branch (https://www.revisor.mn.gov/court_rules/rule/ra-toh/).

6. If I need to file "restricted identifiers," confidential information, or a confidential document, I will use Form 11.1 and/or Form 11.2, as required by Rule 11.

Dated:    June 26, 2025                    By: */s/ Michael Pacelli*

# State of Minnesota                                    District Court

| County of | Judicial District: | Second |
| --- | --- | --- |
| Ramsey | Court File Number: | |
| | Case Type: | Product Liability |

Michelle Abrahamson, et al.
_____
Plaintiff (first, middle, last)

vs.

3M Company (f/k/a Minnesota Mining and
Manufacturing, Co.)
_____
Defendant (first, middle, last)

**Civil Cover Sheet
(Non-Family Case Type)**
Minn. Gen. R. Prac. 104

Date Case Filed: 06/26/2025
_____

This civil cover sheet must be filed by the initial filing lawyer or party, if unrepresented by legal counsel, unless the court orders all parties or their legal counsel to complete this form. Once the initial civil cover sheet is filed, opposing lawyers or unrepresented parties who have not already been ordered to complete this form may submit their own cover sheet within 7 days after being served with the initial cover sheet. See Rule 104 of the General Rules of Practice for the District Courts.

**If information is not known to the filing party at the time of filing, it shall be provided to the Court Administrator in writing by the filing party within 7 days of learning of the information.** Any party impleading additional parties shall provide the same information to the Court Administrator. The Court Administrator shall, upon receipt of the completed certificate, notify all parties or their lawyers, if represented by counsel, of the date of filing the action and the file number assigned.

| ATTORNEY FOR PLAINTIFF | ATTORNEY FOR DEFENDANT |
| --- | --- |
| Michael Pacelli | |
| Attorney Name (not firm name) | Attorney Name (not firm name) |
| 3102 Oak Lawn Ave, Ste. 1100 | |
| Postal Address | Postal Address |
| Dallas          TX     75219 | |
| City          State     Zip Code | City          State     Zip Code |
| (214) 521-3605 | |
| Telephone Number | Telephone Number |
| mpacelli@baronbudd.com | |
| E-mail Address | E-mail Address |
| 399484 | |
| Minnesota Attorney ID Number | Minnesota Attorney ID Number |

<u>PLAINTIFF, Self-represented</u>                    <u>DEFENDANT, Self-represented</u>

_____              _____
Name                                          Name

_____              _____
Postal Address                                Postal Address

_____ _____ _____                  _____ _____ _____
City          State   Zip Code                City          State   Zip Code

_____              _____
Telephone Number                              Telephone Number

_____              _____
E-mail Address                                E-mail Address

(Attach additional sheets for additional attorneys / parties)

Note: If either Plaintiff or Defendant gets an attorney, the attorney's name, address, telephone number and attorney ID number must be given in writing to the Court Administrator immediately.

1.    Provide a concise statement of the case including facts and legal basis:
      Plaintiffs have been injured by Defendants' Fluorosurfactant Products, including
      Aqueous Film-Forming Foam
      _____

2.    Date Complaint was served:    TBD
                                   _____

3.    For Expedited Litigation Track (ETLT) Pilot Courts only:

      a.  ☐ The parties jointly and voluntarily agree that this case shall be governed by the
             Special Rules of ELT Pilot. Date of agreement: _____

      b.  ☐ The court is requested to consider excluding this case from ELT for the
             following reasons:

             _____
             _____
             _____
             _____

      Note: ELT is mandatory in certain cases, and where mandatory, exclusion may also be
      sought by timely motion under the Special Rules for ELT Pilot.

      c.  ☐ Anticipated number of trial witnesses: _____

      d.  ☐ Amount of medical expenses to date: _____

    e.  ☐ Amount of lost wages to date: _____

    f.  ☐ Identify any known subrogation interests: _____

4.    For Complex Cases (See Minn. Gen. R. Prac. 146):

    a.  Is this case a "complex case" as defined in Rule 146? ☒ Yes  ☐ No

    b.  State briefly the reasons for complex case treatment for this case:

        Large number of plaintiffs and defendants; difficult and complex legal issues

    c.  Have the parties filed a "CCP Election" for this case as provided in Rule 146(d)?

        ☐ Yes  ☒ No

5.    Estimated discovery completion within  __24__  months from the date of this form.

6.    Disclosure/discovery of electronically stored information discussed with other party?

    ☒ No  ☐ Yes  Date of discussion: _____

    If yes, list agreements, plans and disputes:

    _____

    _____

    _____

    _____

7.    Proposed trial start date: 12/01/2027 _____

8.    Estimated trial time:  __30__  days  _____ hours (estimates less than a day must be stated in hours).

9.    Jury trial is:

    ○ waived by consent of _____ pursuant to Minn. R. Civ. P. 38.02.
                       (specify party)

    ◉ requested by  Plaintiffs _____ (NOTE: Applicable fee must be enclosed)
                   (specify party)

10.    Physical/mental/blood examination pursuant to Minn. R. Civ. P. 35 is requested.

    ☐ Yes  ☒ No

11.    Identify any party or witness who will require interpreter services, and describe the services needed (specifying language, and if known, particular dialect):

    N/A _____

12.    Issues in dispute:

    _____

    _____

    _____

13.    Case Type/Category: <u>Product Liability</u>    (NOTE: select case types from the Civil
       Case Type Index found at http://www.mncourts.gov/mncourtsgov/media/scao_library/
       documents/eFile%20Support/Handout-Case-Type-Index.pdf.)

14.    Recommended Alternative Dispute Resolution (ADR) mechanism: <u>Mediation</u>
       (See list of ADR processes set forth in Minn. Gen. R. Prac. 114.02(a))

       Recommended ADR provider (known as a "neutral") <u>TBD</u>

       Recommended ADR completion date: <u>01/01/2027</u>

       If applicable, reasons why ADR not appropriate for this case:
       _____
       _____


By signing below, the attorney or party submitting this form certifies that the above information
is true and correct.

Submitted by:



Signature

Name: <u>Michael Pacelli</u>

Attorney Reg. #: <u>399484</u>

Firm/Agency Name: <u>Baron & Budd, P.C.</u>

Street Address: <u>3102 Oak Lawn Ave, Ste 1100</u>

City/State/Zip Code: <u>Dallas, TX 75219</u>

Telephone: <u>(214) 521-3605</u>

Date: <u>06/26/2025</u>

## State of Minnesota

| County Of: Ramsey |
|---|
| |

# District Court

| Judicial District: | Second |
|---|---|
| Court File Number: | |
| Case Type: | Product Liability |

MICHELLE ABRAHAMSON, KITTY
ANDERSON, KENNETH BAXTER-
LESNIAK, RAYMOND BEAUVAIS,
ALWOOD BECK, HELEN BRANBY,
BRUCE BRENDAL, BRIAN BROWN,
DAN BURDICK, ERIC BURMEISTER,
ROBERT CARMAN, AMBER
CHAVEZ, MARY COWAN, GREGORY
CZECH, MICHAEL DIPPEL, GREGG
DROST, STEVEN ESTEBAN, COREY
FELTUS, JAMES FENNER, JANE
FORSTER, TIMOTHY FRICKE,
NICHOLAS GALLIMORE, DARON
GERSCH, ROY HALL, JULIE HOWE,
BARRY HOWELL, KATHLEEN
JAGODZINSKI, ROBERT JENSEN,
SARA KOHEN on behalf of K.K., a
minor child, NICHOLAS KRANZ,
RANDALL KRUG, WENDY KRUGER-
NERUD, DAVID LARSON, JANET
LEACH, MICKEL LEATHEM, CAROL
LUNDSTROM, STEPHEN MAJESKI,
PAMELA MARONEY, MATTHEW
MARTIN, DANIEL MILLER, KELLY
MURPHY, ANITA NELSON, PATRICK
OETTERER, MARY OLSON,
REBECCA OSBORNE, CATHERINE
PERRY, GAYLORD QUINN, JOY
REGAN, ROBERT RICE, LONNIE
ROGOWSKI, ROBERT SAFFRIN,
ROBERT SAURDIFF, DAVID
SCHRAMM, JASON SMITH, REGINA
TURNING, JUDY VESSELS, JOHN
WIDHOLM, CRAIG WITTICH, AND
JACK YOUNGBERG,

**Civil Summons**

Plaintiff

vs

3M COMPANY (f/k/a Minnesota Mining

and Manufacturing, Co.); AGC
CHEMICAL AMERICAS, INC.; AGC
INC. (f/k/a Asahi Glass Co.. Ltd.);
ARCHROMA U.S., INC.; ARKEMA,
INC.; BASF CORP.; BUCKEYE FIRE
EQUIPMENT CO.; CHEMDESIGN
PRODUCTS, INC.; CHEMGUARD,
INC.; CLARIANT CORP.; CORTEVA,
INC.; DUPONT DE NEMOURS, INC.;
DYNAX CORP.; E.I. DU PONT DE
NEMOURS & COMPANY; THE
CHEMOURS COMPANY; THE
CHEMOURS COMPANY FC, LLC;
TYCO FIRE PRODUCTS, LP; AND
JOHN DOE DEFENDANTS 1-49,

Defendant

---

This Summons is directed to (name of Defendant):

__Corteva, Inc._____.

1.      **You are being sued**. The Plaintiff has started a lawsuit against you. The *Complaint* is
attached to this *Summons*. Do not throw these papers away. They are official papers that start a
lawsuit and affect your legal rights, even if nothing has been filed with the court and even if
there is no court file number on this *Summons*.

2.      **You must BOTH reply, in writing, AND get a copy of your reply to the
person/business who is suing you within 21 days to protect your rights.** Your reply is called
an *Answer*.  Getting your reply to the Plaintiff is called service.You must serve a copy of your
*Answer or Answer and Counterclaim* (Answer) within 21 days from the date you received the
*Summons* and *Complaint*.

        ANSWER: You can find the *Answer* form and instructions on the MN Judicial Branch
website at www.mncourts.gov/forms under the "Civil" category.  The instructions will explain in
detail how to fill out the *Answer* form.

3.      **You must respond to each claim.**  The *Answer* is your written response to the
Plaintiff's *Complaint*. In your *Answer* you must state whether you agree or disagree with each
paragraph of the *Complaint*. If you think the Plaintiff should not be given everything they
asked for in the *Complaint*, you must say that in your *Answer*.

4.      SERVICE: **You may lose your case if you do not send a written response to the Plaintiff.** If you do not serve a written *Answer* within 21 days, you may lose this case by default. You will not get to tell your side of the story. If you choose not to respond, the Plaintiff may be awarded everything they asked for in their *Complaint*. If you agree with the claims stated in the *Complaint*, you don't need to respond. A default judgment can than be entered against you for what the Plaintiff asked for in the *Complaint*.

To protect your rights, you must serve a copy of your *Answer* on the person who signed this *Summons* in person or by mail at this address:

_____.

5.      Carefully read the Instructions (CIV301) for the *Answer* for your next steps.

6.      **Legal Assistance.** You may wish to get legal help from an attorney. If you do not have an attorney and would like legal help:

- Visit www.mncourts.gov/selfhelp and click on the "Legal Advice Clinics" tab to get more information about legal clinics in each Minnesota county.

- Court Administration may have information about places where you can get legal assistance.

**NOTE: Even if you cannot get legal help, you must still serve a written *Answer* to protect your rights or you may lose the case.**

7.      **Alternative Dispute Resolution (ADR).** The parties may agree to or be ordered to participate in an ADR process under Rule 114 of the Minnesota Rules of Practice. You must still serve your written *Answer,* even if you expect to use ADR.

| 6/26/2025 | |
|---|---|
| Date | Signature |

Name:  Michael Pacelli

Address:  3102 Oak Lawn Ave, Ste. 1100

City, State, Zip:  Dallas, TX 75219

Telephone:  (214) 521-3605

E-mail:  mpacelli@baronbudd.com



## State of Minnesota

| | |
|---|---|
| County Of: Ramsey | |

## District Court

| | |
|---|---|
| Judicial District: | Second |
| Court File Number: | |
| Case Type: | Product Liability |

MICHELLE ABRAHAMSON, KITTY ANDERSON, KENNETH BAXTER-LESNIAK, RAYMOND BEAUVAIS, ALWOOD BECK, HELEN BRANBY, BRUCE BRENDAL, BRIAN BROWN, DAN BURDICK, ERIC BURMEISTER, ROBERT CARMAN, AMBER CHAVEZ, MARY COWAN, GREGORY CZECH, MICHAEL DIPPEL, GREGG DROST, STEVEN ESTEBAN, COREY FELTUS, JAMES FENNER, JANE FORSTER, TIMOTHY FRICKE, NICHOLAS GALLIMORE, DARON GERSCH, ROY HALL, JULIE HOWE, BARRY HOWELL, KATHLEEN JAGODZINSKI, ROBERT JENSEN, SARA KOHEN on behalf of K.K., a minor child, NICHOLAS KRANZ, RANDALL KRUG, WENDY KRUGER-NERUD, DAVID LARSON, JANET LEACH, MICKEL LEATHEM, CAROL LUNDSTROM, STEPHEN MAJESKI, PAMELA MARONEY, MATTHEW MARTIN, DANIEL MILLER, KELLY MURPHY, ANITA NELSON, PATRICK OETTERER, MARY OLSON, REBECCA OSBORNE, CATHERINE PERRY, GAYLORD QUINN, JOY REGAN, ROBERT RICE, LONNIE ROGOWSKI, ROBERT SAFFRIN, ROBERT SAURDIFF, DAVID SCHRAMM, JASON SMITH, REGINA TURNING, JUDY VESSELS, JOHN WIDHOLM, CRAIG WITTICH, AND JACK YOUNGBERG,

**Civil Summons**

Plaintiff

vs

3M COMPANY (f/k/a Minnesota Mining

and Manufacturing, Co.); AGC
CHEMICAL AMERICAS, INC.; AGC
INC. (f/k/a Asahi Glass Co.. Ltd.);
ARCHROMA U.S., INC.; ARKEMA,
INC.; BASF CORP.; BUCKEYE FIRE
EQUIPMENT CO.; CHEMDESIGN
PRODUCTS, INC.; CHEMGUARD,
INC.; CLARIANT CORP.; CORTEVA,
INC.; DUPONT DE NEMOURS, INC.;
DYNAX CORP.; E.I. DU PONT DE
NEMOURS & COMPANY; THE
CHEMOURS COMPANY; THE
CHEMOURS COMPANY FC, LLC;
TYCO FIRE PRODUCTS, LP; AND
JOHN DOE DEFENDANTS 1-49,
Defendant

This Summons is directed to (name of Defendant):

   DuPont De Nemours, Inc.                                                    .

1.      **You are being sued**. The Plaintiff has started a lawsuit against you. The *Complaint* is
attached to this *Summons*. Do not throw these papers away. They are official papers that start a
lawsuit and affect your legal rights, even if nothing has been filed with the court and even if
there is no court file number on this *Summons*.

2.      **You must BOTH reply, in writing, AND get a copy of your reply to the
person/business who is suing you within 21 days to protect your rights.** Your reply is called
an *Answer*.  Getting your reply to the Plaintiff is called service.You must serve a copy of your
*Answer or Answer and Counterclaim* (Answer) within 21 days from the date you received the
*Summons* and *Complaint*.

        ANSWER: You can find the *Answer* form and instructions on the MN Judicial Branch
website at www.mncourts.gov/forms under the "Civil" category.  The instructions will explain in
detail how to fill out the *Answer* form.

3.      **You must respond to each claim.**  The *Answer* is your written response to the
Plaintiff's *Complaint*. In your *Answer* you must state whether you agree or disagree with each
paragraph of the *Complaint*. If you think the Plaintiff should not be given everything they
asked for in the *Complaint*, you must say that in your *Answer*.

4.      SERVICE: **You may lose your case if you do not send a written response to the Plaintiff.** If you do not serve a written *Answer* within 21 days, you may lose this case by default. You will not get to tell your side of the story. If you choose not to respond, the Plaintiff may be awarded everything they asked for in their *Complaint*. If you agree with the claims stated in the *Complaint*, you don't need to respond. A default judgment can than be entered against you for what the Plaintiff asked for in the *Complaint*.

To protect your rights, you must serve a copy of your *Answer* on the person who signed this *Summons* in person or by mail at this address:

_____.

5.      Carefully read the Instructions (CIV301) for the *Answer* for your next steps.

6.      **Legal Assistance.** You may wish to get legal help from an attorney. If you do not have an attorney and would like legal help:

- Visit www.mncourts.gov/selfhelp and click on the "Legal Advice Clinics" tab to get more information about legal clinics in each Minnesota county.

- Court Administration may have information about places where you can get legal assistance.

**NOTE: Even if you cannot get legal help, you must still serve a written *Answer* to protect your rights or you may lose the case.**

7.      **Alternative Dispute Resolution (ADR).** The parties may agree to or be ordered to participate in an ADR process under Rule 114 of the Minnesota Rules of Practice. You must still serve your written *Answer,* even if you expect to use ADR.

_____6/26/2025_____                    _____
Date                                             Signature

                              Name:  Michael Pacelli
                              Address:  3102 Oak Lawn Ave, Ste. 1100
                              City, State, Zip:  Dallas, TX 75219
                              Telephone:  (214) 521-3605

E-mail:  mpacelli@baronbudd.com



## State of Minnesota

| County Of: Ramsey |
| --- |
| |

### District Court

| Judicial District: | Second |
| --- | --- |
| Court File Number: | |
| Case Type: | Product Liability |

MICHELLE ABRAHAMSON, KITTY ANDERSON, KENNETH BAXTER-LESNIAK, RAYMOND BEAUVAIS, ALWOOD BECK, HELEN BRANBY, BRUCE BRENDAL, BRIAN BROWN, DAN BURDICK, ERIC BURMEISTER, ROBERT CARMAN, AMBER CHAVEZ, MARY COWAN, GREGORY CZECH, MICHAEL DIPPEL, GREGG DROST, STEVEN ESTEBAN, COREY FELTUS, JAMES FENNER, JANE FORSTER, TIMOTHY FRICKE, NICHOLAS GALLIMORE, DARON GERSCH, ROY HALL, JULIE HOWE, BARRY HOWELL, KATHLEEN JAGODZINSKI, ROBERT JENSEN, SARA KOHEN on behalf of K.K., a minor child, NICHOLAS KRANZ, RANDALL KRUG, WENDY KRUGER-NERUD, DAVID LARSON, JANET LEACH, MICKEL LEATHEM, CAROL LUNDSTROM, STEPHEN MAJESKI, PAMELA MARONEY, MATTHEW MARTIN, DANIEL MILLER, KELLY MURPHY, ANITA NELSON, PATRICK OETTERER, MARY OLSON, REBECCA OSBORNE, CATHERINE PERRY, GAYLORD QUINN, JOY REGAN, ROBERT RICE, LONNIE ROGOWSKI, ROBERT SAFFRIN, ROBERT SAURDIFF, DAVID SCHRAMM, JASON SMITH, REGINA TURNING, JUDY VESSELS, JOHN WIDHOLM, CRAIG WITTICH, AND JACK YOUNGBERG,

### Civil Summons

_____

Plaintiff

vs

3M COMPANY (f/k/a Minnesota Mining

and Manufacturing, Co.); AGC
CHEMICAL AMERICAS, INC.; AGC
INC. (f/k/a Asahi Glass Co.. Ltd.);
ARCHROMA U.S., INC.; ARKEMA,
INC.; BASF CORP.; BUCKEYE FIRE
EQUIPMENT CO.; CHEMDESIGN
PRODUCTS, INC.; CHEMGUARD,
INC.; CLARIANT CORP.; CORTEVA,
INC.; DUPONT DE NEMOURS, INC.;
DYNAX CORP.; E.I. DU PONT DE
NEMOURS & COMPANY; THE
CHEMOURS COMPANY; THE
CHEMOURS COMPANY FC, LLC;
TYCO FIRE PRODUCTS, LP; AND
JOHN DOE DEFENDANTS 1-49,

Defendant

---

This Summons is directed to (name of Defendant):

  Dynax Corp.                                                                      .

1.      **You are being sued**. The Plaintiff has started a lawsuit against you. The *Complaint* is
attached to this *Summons*. Do not throw these papers away. They are official papers that start a
lawsuit and affect your legal rights, even if nothing has been filed with the court and even if
there is no court file number on this *Summons*.

2.      **You must BOTH reply, in writing, AND get a copy of your reply to the
person/business who is suing you within 21 days to protect your rights.** Your reply is called
an *Answer*.  Getting your reply to the Plaintiff is called service.You must serve a copy of your
*Answer or Answer and Counterclaim* (Answer) within 21 days from the date you received the
*Summons* and *Complaint*.

        ANSWER: You can find the *Answer* form and instructions on the MN Judicial Branch
website at www.mncourts.gov/forms under the "Civil" category.  The instructions will explain in
detail how to fill out the *Answer* form.

3.      **You must respond to each claim.**  The *Answer* is your written response to the
Plaintiff's *Complaint*. In your *Answer* you must state whether you agree or disagree with each
paragraph of the *Complaint*. If you think the Plaintiff should not be given everything they
asked for in the *Complaint*, you must say that in your *Answer*.

4.      SERVICE: **You may lose your case if you do not send a written response to the Plaintiff.** If you do not serve a written *Answer* within 21 days, you may lose this case by default. You will not get to tell your side of the story. If you choose not to respond, the Plaintiff may be awarded everything they asked for in their *Complaint*. If you agree with the claims stated in the *Complaint*, you don't need to respond. A default judgment can than be entered against you for what the Plaintiff asked for in the *Complaint*.

To protect your rights, you must serve a copy of your *Answer* on the person who signed this *Summons* in person or by mail at this address:

_____ .

5.      Carefully read the Instructions (CIV301) for the *Answer* for your next steps.

6.      **Legal Assistance.** You may wish to get legal help from an attorney. If you do not have an attorney and would like legal help:

- Visit www.mncourts.gov/selfhelp and click on the "Legal Advice Clinics" tab to get more information about legal clinics in each Minnesota county.

- Court Administration may have information about places where you can get legal assistance.

**NOTE: Even if you cannot get legal help, you must still serve a written *Answer* to protect your rights or you may lose the case.**

7.      **Alternative Dispute Resolution (ADR).** The parties may agree to or be ordered to participate in an ADR process under Rule 114 of the Minnesota Rules of Practice. You must still serve your written *Answer,* even if you expect to use ADR.

_____6/26/2025_____           _____
Date                     Signature

Name:  Michael Pacelli
Address: 3102 Oak Lawn Ave, Ste. 1100
City, State, Zip: Dallas, TX 75219
Telephone: (214) 521-3605

Filed in District Court
State of Minnesota
6/26/2025 8:09 PM

E-mail:  mpacelli@baronbudd.com



## State of Minnesota

**District Court**

| County Of: Ramsey |
|---|
| |

| | |
|---|---|
| Judicial District: | Second |
| Court File Number: | |
| Case Type: | Product Liability |

MICHELLE ABRAHAMSON, KITTY
ANDERSON, KENNETH BAXTER-
LESNIAK, RAYMOND BEAUVAIS,
ALWOOD BECK, HELEN BRANBY,
BRUCE BRENDAL, BRIAN BROWN,
DAN BURDICK, ERIC BURMEISTER,
ROBERT CARMAN, AMBER
CHAVEZ, MARY COWAN, GREGORY
CZECH, MICHAEL DIPPEL, GREGG
DROST, STEVEN ESTEBAN, COREY
FELTUS, JAMES FENNER, JANE
FORSTER, TIMOTHY FRICKE,
NICHOLAS GALLIMORE, DARON
GERSCH, ROY HALL, JULIE HOWE,
BARRY HOWELL, KATHLEEN
JAGODZINSKI, ROBERT JENSEN,
SARA KOHEN on behalf of K.K., a
minor child, NICHOLAS KRANZ,
RANDALL KRUG, WENDY KRUGER-
NERUD, DAVID LARSON, JANET
LEACH, MICKEL LEATHEM, CAROL
LUNDSTROM, STEPHEN MAJESKI,
PAMELA MARONEY, MATTHEW
MARTIN, DANIEL MILLER, KELLY
MURPHY, ANITA NELSON, PATRICK
OETTERER, MARY OLSON,
REBECCA OSBORNE, CATHERINE
PERRY, GAYLORD QUINN, JOY
REGAN, ROBERT RICE, LONNIE
ROGOWSKI, ROBERT SAFFRIN,
ROBERT SAURDIFF, DAVID
SCHRAMM, JASON SMITH, REGINA
TURNING, JUDY VESSELS, JOHN
WIDHOLM, CRAIG WITTICH, AND
JACK YOUNGBERG,

**Civil Summons**

Plaintiff

vs

3M COMPANY (f/k/a Minnesota Mining

and Manufacturing, Co.); AGC
CHEMICAL AMERICAS, INC.; AGC
INC. (f/k/a Asahi Glass Co.. Ltd.);
ARCHROMA U.S., INC.; ARKEMA,
INC.; BASF CORP.; BUCKEYE FIRE
EQUIPMENT CO.; CHEMDESIGN
PRODUCTS, INC.; CHEMGUARD,
INC.; CLARIANT CORP.; CORTEVA,
INC.; DUPONT DE NEMOURS, INC.;
DYNAX CORP.; E.I. DU PONT DE
NEMOURS & COMPANY; THE
CHEMOURS COMPANY; THE
CHEMOURS COMPANY FC, LLC;
TYCO FIRE PRODUCTS, LP; AND
JOHN DOE DEFENDANTS 1-49,

Defendant

---

This Summons is directed to (name of Defendant):

  E.I. Du Pont De Nemours & Company                                        .

1.      **You are being sued**. The Plaintiff has started a lawsuit against you. The *Complaint* is
attached to this *Summons*. Do not throw these papers away. They are official papers that start a
lawsuit and affect your legal rights, even if nothing has been filed with the court and even if
there is no court file number on this *Summons*.

2.      **You must BOTH reply, in writing, AND get a copy of your reply to the
person/business who is suing you within 21 days to protect your rights.** Your reply is called
an *Answer*.  Getting your reply to the Plaintiff is called service.You must serve a copy of your
*Answer or Answer and Counterclaim* (Answer) within 21 days from the date you received the
*Summons* and *Complaint*.

        ANSWER: You can find the *Answer* form and instructions on the MN Judicial Branch
website at www.mncourts.gov/forms under the "Civil" category.  The instructions will explain in
detail how to fill out the *Answer* form.

3.      **You must respond to each claim.**  The *Answer* is your written response to the
Plaintiff's *Complaint*. In your *Answer* you must state whether you agree or disagree with each
paragraph of the *Complaint*. If you think the Plaintiff should not be given everything they
asked for in the *Complaint*, you must say that in your *Answer*.

4.      SERVICE: **You may lose your case if you do not send a written response to the Plaintiff.** If you do not serve a written *Answer* within 21 days, you may lose this case by default. You will not get to tell your side of the story. If you choose not to respond, the Plaintiff may be awarded everything they asked for in their *Complaint*. If you agree with the claims stated in the *Complaint*, you don't need to respond. A default judgment can than be entered against you for what the Plaintiff asked for in the *Complaint*.

To protect your rights, you must serve a copy of your *Answer* on the person who signed this *Summons* in person or by mail at this address:

_____ .

5.      Carefully read the Instructions (CIV301) for the *Answer* for your next steps.

6.      **Legal Assistance.** You may wish to get legal help from an attorney. If you do not have an attorney and would like legal help:

- Visit www.mncourts.gov/selfhelp and click on the "Legal Advice Clinics" tab to get more information about legal clinics in each Minnesota county.

- Court Administration may have information about places where you can get legal assistance.

**NOTE: Even if you cannot get legal help, you must still serve a written *Answer* to protect your rights or you may lose the case.**

7.      **Alternative Dispute Resolution (ADR).** The parties may agree to or be ordered to participate in an ADR process under Rule 114 of the Minnesota Rules of Practice. You must still serve your written *Answer,* even if you expect to use ADR.

_6/26/2025_____          _____
Date                             Signature

                                 Name:  _Michael Pacelli_____

                                 Address:  _3102 Oak Lawn Ave, Ste. 1100_

                                 City, State, Zip:  _Dallas, TX 75219_____

                                 Telephone:  _(214) 521-3605_____

E-mail: mpacelli@baronbudd.com



## State of Minnesota

| | |
|---|---|
| County Of: Ramsey | |

## District Court

| | |
|---|---|
| Judicial District: | Second |
| Court File Number: | |
| Case Type: | Product Liability |

MICHELLE ABRAHAMSON, KITTY
ANDERSON, KENNETH BAXTER-
LESNIAK, RAYMOND BEAUVAIS,
ALWOOD BECK, HELEN BRANBY,
BRUCE BRENDAL, BRIAN BROWN,
DAN BURDICK, ERIC BURMEISTER,
ROBERT CARMAN, AMBER
CHAVEZ, MARY COWAN, GREGORY
CZECH, MICHAEL DIPPEL, GREGG
DROST, STEVEN ESTEBAN, COREY
FELTUS, JAMES FENNER, JANE
FORSTER, TIMOTHY FRICKE,
NICHOLAS GALLIMORE, DARON
GERSCH, ROY HALL, JULIE HOWE,
BARRY HOWELL, KATHLEEN
JAGODZINSKI, ROBERT JENSEN,
SARA KOHEN on behalf of K.K., a
minor child, NICHOLAS KRANZ,
RANDALL KRUG, WENDY KRUGER-
NERUD, DAVID LARSON, JANET
LEACH, MICKEL LEATHEM, CAROL
LUNDSTROM, STEPHEN MAJESKI,
PAMELA MARONEY, MATTHEW
MARTIN, DANIEL MILLER, KELLY
MURPHY, ANITA NELSON, PATRICK
OETTERER, MARY OLSON,
REBECCA OSBORNE, CATHERINE
PERRY, GAYLORD QUINN, JOY
REGAN, ROBERT RICE, LONNIE
ROGOWSKI, ROBERT SAFFRIN,
ROBERT SAURDIFF, DAVID
SCHRAMM, JASON SMITH, REGINA
TURNING, JUDY VESSELS, JOHN
WIDHOLM, CRAIG WITTICH, AND
JACK YOUNGBERG,

**Civil Summons**

Plaintiff

vs

3M COMPANY (f/k/a Minnesota Mining

Filed in District Court
State of Minnesota
6/26/2025 8:09 PM

and Manufacturing, Co.); AGC
CHEMICAL AMERICAS, INC.; AGC
INC. (f/k/a Asahi Glass Co.. Ltd.);
ARCHROMA U.S., INC.; ARKEMA,
INC.; BASF CORP.; BUCKEYE FIRE
EQUIPMENT CO.; CHEMDESIGN
PRODUCTS, INC.; CHEMGUARD,
INC.; CLARIANT CORP.; CORTEVA,
INC.; DUPONT DE NEMOURS, INC.;
DYNAX CORP.; E.I. DU PONT DE
NEMOURS & COMPANY; THE
CHEMOURS COMPANY; THE
CHEMOURS COMPANY FC, LLC;
TYCO FIRE PRODUCTS, LP; AND
JOHN DOE DEFENDANTS 1-49,

Defendant

---

This Summons is directed to (name of Defendant):

  The Chemours Company                                                          .

1.      **You are being sued**. The Plaintiff has started a lawsuit against you. The *Complaint* is
attached to this *Summons*. Do not throw these papers away. They are official papers that start a
lawsuit and affect your legal rights, even if nothing has been filed with the court and even if
there is no court file number on this *Summons*.

2.      **You must BOTH reply, in writing, AND get a copy of your reply to the
person/business who is suing you within 21 days to protect your rights.** Your reply is called
an *Answer*.  Getting your reply to the Plaintiff is called service.You must serve a copy of your
*Answer or Answer and Counterclaim* (Answer) within 21 days from the date you received the
*Summons* and *Complaint*.

        ANSWER: You can find the *Answer* form and instructions on the MN Judicial Branch
website at www.mncourts.gov/forms under the "Civil" category.  The instructions will explain in
detail how to fill out the *Answer* form.

3.      **You must respond to each claim.**  The *Answer* is your written response to the
Plaintiff's *Complaint*. In your *Answer* you must state whether you agree or disagree with each
paragraph of the *Complaint*. If you think the Plaintiff should not be given everything they
asked for in the *Complaint*, you must say that in your *Answer*.

4.      SERVICE: **You may lose your case if you do not send a written response to the Plaintiff.** If you do not serve a written *Answer* within 21 days, you may lose this case by default. You will not get to tell your side of the story. If you choose not to respond, the Plaintiff may be awarded everything they asked for in their *Complaint*. If you agree with the claims stated in the *Complaint*, you don't need to respond. A default judgment can than be entered against you for what the Plaintiff asked for in the *Complaint*.

To protect your rights, you must serve a copy of your *Answer* on the person who signed this *Summons* in person or by mail at this address:

_____ .

5.      Carefully read the Instructions (CIV301) for the *Answer* for your next steps.

6.      **Legal Assistance.** You may wish to get legal help from an attorney. If you do not have an attorney and would like legal help:

- Visit www.mncourts.gov/selfhelp and click on the "Legal Advice Clinics" tab to get more information about legal clinics in each Minnesota county.

- Court Administration may have information about places where you can get legal assistance.

**NOTE: Even if you cannot get legal help, you must still serve a written *Answer* to protect your rights or you may lose the case.**

7.      **Alternative Dispute Resolution (ADR).** The parties may agree to or be ordered to participate in an ADR process under Rule 114 of the Minnesota Rules of Practice. You must still serve your written *Answer,* even if you expect to use ADR.

___6/26/2025_____        _____
Date                                                               Signature

                                                     Name: _Michael Pacelli_____

                                                     Address: _3102 Oak Lawn Ave, Ste. 1100_

                                                     City, State, Zip: _Dallas, TX 75219_____

                                                     Telephone: _(214) 521-3605_____

E-mail:  mpacelli@baronbudd.com



MINNESOTA
JUDICIAL
BRANCH

## State of Minnesota

| | |
|---|---|
| County Of: Ramsey | |

## District Court

| | |
|---|---|
| Judicial District: | Second |
| Court File Number: | |
| Case Type: | Product Liability |

MICHELLE ABRAHAMSON, KITTY ANDERSON, KENNETH BAXTER-LESNIAK, RAYMOND BEAUVAIS, ALWOOD BECK, HELEN BRANBY, BRUCE BRENDAL, BRIAN BROWN, DAN BURDICK, ERIC BURMEISTER, ROBERT CARMAN, AMBER CHAVEZ, MARY COWAN, GREGORY CZECH, MICHAEL DIPPEL, GREGG DROST, STEVEN ESTEBAN, COREY FELTUS, JAMES FENNER, JANE FORSTER, TIMOTHY FRICKE, NICHOLAS GALLIMORE, DARON GERSCH, ROY HALL, JULIE HOWE, BARRY HOWELL, KATHLEEN JAGODZINSKI, ROBERT JENSEN, SARA KOHEN on behalf of K.K., a minor child, NICHOLAS KRANZ, RANDALL KRUG, WENDY KRUGER-NERUD, DAVID LARSON, JANET LEACH, MICKEL LEATHEM, CAROL LUNDSTROM, STEPHEN MAJESKI, PAMELA MARONEY, MATTHEW MARTIN, DANIEL MILLER, KELLY MURPHY, ANITA NELSON, PATRICK OETTERER, MARY OLSON, REBECCA OSBORNE, CATHERINE PERRY, GAYLORD QUINN, JOY REGAN, ROBERT RICE, LONNIE ROGOWSKI, ROBERT SAFFRIN, ROBERT SAURDIFF, DAVID SCHRAMM, JASON SMITH, REGINA TURNING, JUDY VESSELS, JOHN WIDHOLM, CRAIG WITTICH, AND JACK YOUNGBERG,

**Civil Summons**

Plaintiff

vs

3M COMPANY (f/k/a Minnesota Mining

and Manufacturing, Co.); AGC
CHEMICAL AMERICAS, INC.; AGC
INC. (f/k/a Asahi Glass Co.. Ltd.);
ARCHROMA U.S., INC.; ARKEMA,
INC.; BASF CORP.; BUCKEYE FIRE
EQUIPMENT CO.; CHEMDESIGN
PRODUCTS, INC.; CHEMGUARD,
INC.; CLARIANT CORP.; CORTEVA,
INC.; DUPONT DE NEMOURS, INC.;
DYNAX CORP.; E.I. DU PONT DE
NEMOURS & COMPANY; THE
CHEMOURS COMPANY; THE
CHEMOURS COMPANY FC, LLC;
TYCO FIRE PRODUCTS, LP; AND
JOHN DOE DEFENDANTS 1-49,

Defendant

---

This Summons is directed to (name of Defendant):

 The Chemours Company FC, LLC                                                    .

1.      **You are being sued**. The Plaintiff has started a lawsuit against you. The *Complaint* is
attached to this *Summons*. Do not throw these papers away. They are official papers that start a
lawsuit and affect your legal rights, even if nothing has been filed with the court and even if
there is no court file number on this *Summons*.

2.      **You must BOTH reply, in writing, AND get a copy of your reply to the
person/business who is suing you within 21 days to protect your rights.** Your reply is called
an *Answer*.  Getting your reply to the Plaintiff is called <u>service</u>.You must serve a copy of your
*Answer or Answer and Counterclaim* (Answer) within 21 days from the date you received the
*Summons* and *Complaint*.

        ANSWER: You can find the *Answer* form and instructions on the MN Judicial Branch
website at <u>www.mncourts.gov/forms</u> under the "Civil" category.  The instructions will explain in
detail how to fill out the *Answer* form.

3.      **You must respond to each claim.**  The *Answer* is your written response to the
Plaintiff's *Complaint*. In your *Answer* you must state whether you agree or disagree with each
paragraph of the *Complaint*. If you think the Plaintiff should not be given everything they
asked for in the *Complaint*, you must say that in your *Answer*.

4.      SERVICE: **You may lose your case if you do not send a written response to the Plaintiff.** If you do not serve a written *Answer* within 21 days, you may lose this case by default. You will not get to tell your side of the story. If you choose not to respond, the Plaintiff may be awarded everything they asked for in their *Complaint*. If you agree with the claims stated in the *Complaint*, you don't need to respond. A default judgment can than be entered against you for what the Plaintiff asked for in the *Complaint*.

To protect your rights, you must serve a copy of your *Answer* on the person who signed this *Summons* in person or by mail at this address:

_____ .

5.      Carefully read the Instructions (CIV301) for the *Answer* for your next steps.

6.      **Legal Assistance.** You may wish to get legal help from an attorney. If you do not have an attorney and would like legal help:

- Visit www.mncourts.gov/selfhelp and click on the "Legal Advice Clinics" tab to get more information about legal clinics in each Minnesota county.

- Court Administration may have information about places where you can get legal assistance.

**NOTE: Even if you cannot get legal help, you must still serve a written *Answer* to protect your rights or you may lose the case.**

7.      **Alternative Dispute Resolution (ADR).** The parties may agree to or be ordered to participate in an ADR process under Rule 114 of the Minnesota Rules of Practice. You must still serve your written *Answer,* even if you expect to use ADR.

| | |
|---|---|
| __6/26/2025_____ | _____ |
| Date | Signature |
| | Name: _Michael Pacelli_____ |
| | Address: _3102 Oak Lawn Ave, Ste. 1100_ |
| | City, State, Zip: _Dallas, TX 75219_____ |
| | Telephone: _(214) 521-3605_____ |

E-mail:  mpacelli@baronbudd.com



# State of Minnesota

| County Of: Ramsey |
| --- |
|  |

# District Court

| Judicial District: | Second |
| --- | --- |
| Court File Number: |  |
| Case Type: | Product Liability |

MICHELLE ABRAHAMSON, KITTY ANDERSON, KENNETH BAXTER-LESNIAK, RAYMOND BEAUVAIS, ALWOOD BECK, HELEN BRANBY, BRUCE BRENDAL, BRIAN BROWN, DAN BURDICK, ERIC BURMEISTER, ROBERT CARMAN, AMBER CHAVEZ, MARY COWAN, GREGORY CZECH, MICHAEL DIPPEL, GREGG DROST, STEVEN ESTEBAN, COREY FELTUS, JAMES FENNER, JANE FORSTER, TIMOTHY FRICKE, NICHOLAS GALLIMORE, DARON GERSCH, ROY HALL, JULIE HOWE, BARRY HOWELL, KATHLEEN JAGODZINSKI, ROBERT JENSEN, SARA KOHEN on behalf of K.K., a minor child, NICHOLAS KRANZ, RANDALL KRUG, WENDY KRUGER-NERUD, DAVID LARSON, JANET LEACH, MICKEL LEATHEM, CAROL LUNDSTROM, STEPHEN MAJESKI, PAMELA MARONEY, MATTHEW MARTIN, DANIEL MILLER, KELLY MURPHY, ANITA NELSON, PATRICK OETTERER, MARY OLSON, REBECCA OSBORNE, CATHERINE PERRY, GAYLORD QUINN, JOY REGAN, ROBERT RICE, LONNIE ROGOWSKI, ROBERT SAFFRIN, ROBERT SAURDIFF, DAVID SCHRAMM, JASON SMITH, REGINA TURNING, JUDY VESSELS, JOHN WIDHOLM, CRAIG WITTICH, AND JACK YOUNGBERG,

**Civil Summons**

Plaintiff

vs

3M COMPANY (f/k/a Minnesota Mining

and Manufacturing, Co.); AGC
CHEMICAL AMERICAS, INC.; AGC
INC. (f/k/a Asahi Glass Co.. Ltd.);
ARCHROMA U.S., INC.; ARKEMA,
INC.; BASF CORP.; BUCKEYE FIRE
EQUIPMENT CO.; CHEMDESIGN
PRODUCTS, INC.; CHEMGUARD,
INC.; CLARIANT CORP.; CORTEVA,
INC.; DUPONT DE NEMOURS, INC.;
DYNAX CORP.; E.I. DU PONT DE
NEMOURS & COMPANY; THE
CHEMOURS COMPANY; THE
CHEMOURS COMPANY FC, LLC;
TYCO FIRE PRODUCTS, LP; AND
JOHN DOE DEFENDANTS 1-49,

Defendant

This Summons is directed to (name of Defendant):

  Tyco Fire Products, LP                                                          .

1.      **You are being sued**. The Plaintiff has started a lawsuit against you. The *Complaint* is
attached to this *Summons*. Do not throw these papers away. They are official papers that start a
lawsuit and affect your legal rights, even if nothing has been filed with the court and even if
there is no court file number on this *Summons*.

2.      **You must BOTH reply, in writing, AND get a copy of your reply to the
person/business who is suing you within 21 days to protect your rights.** Your reply is called
an *Answer*.  Getting your reply to the Plaintiff is called <u>service</u>.You must serve a copy of your
*Answer or Answer and Counterclaim* (Answer) within 21 days from the date you received the
*Summons* and *Complaint*.

        ANSWER: You can find the *Answer* form and instructions on the MN Judicial Branch
website at <u>www.mncourts.gov/forms</u> under the "Civil" category.  The instructions will explain in
detail how to fill out the *Answer* form.

3.      **You must respond to each claim.**  The *Answer* is your written response to the
Plaintiff's *Complaint*. In your *Answer* you must state whether you agree or disagree with each
paragraph of the *Complaint*. If you think the Plaintiff should not be given everything they
asked for in the *Complaint*, you must say that in your *Answer*.

4.    SERVICE: **You may lose your case if you do not send a written response to the Plaintiff.** If you do not serve a written *Answer* within 21 days, you may lose this case by default. You will not get to tell your side of the story. If you choose not to respond, the Plaintiff may be awarded everything they asked for in their *Complaint*. If you agree with the claims stated in the *Complaint*, you don't need to respond. A default judgment can than be entered against you for what the Plaintiff asked for in the *Complaint*.

To protect your rights, you must serve a copy of your *Answer* on the person who signed this *Summons* in person or by mail at this address:

_____ .

5.    Carefully read the Instructions (CIV301) for the *Answer* for your next steps.

6.    **Legal Assistance.** You may wish to get legal help from an attorney. If you do not have an attorney and would like legal help:

- Visit www.mncourts.gov/selfhelp and click on the "Legal Advice Clinics" tab to get more information about legal clinics in each Minnesota county.

- Court Administration may have information about places where you can get legal assistance.

**NOTE: Even if you cannot get legal help, you must still serve a written *Answer* to protect your rights or you may lose the case.**

7.    **Alternative Dispute Resolution (ADR).** The parties may agree to or be ordered to participate in an ADR process under Rule 114 of the Minnesota Rules of Practice. You must still serve your written *Answer,* even if you expect to use ADR.

6/26/2025
_____
Date

_____
Signature

Name:  Michael Pacelli

Address:  3102 Oak Lawn Ave, Ste. 1100

City, State, Zip:  Dallas, TX 75219

Telephone:  (214) 521-3605

Filed in District Court
State of Minnesota
6/26/2025 8:09 PM

E-mail:  mpacelli@baronbudd.com



## State of Minnesota

| | District Court |
|---|---|
| County Of: Ramsey | |

| | |
|---|---|
| Judicial District: | Second |
| Court File Number: | |
| Case Type: | Product Liability |

MICHELLE ABRAHAMSON, KITTY
ANDERSON, KENNETH BAXTER-
LESNIAK, RAYMOND BEAUVAIS,
ALWOOD BECK, HELEN BRANBY,
BRUCE BRENDAL, BRIAN BROWN,
DAN BURDICK, ERIC BURMEISTER,
ROBERT CARMAN, AMBER
CHAVEZ, MARY COWAN, GREGORY
CZECH, MICHAEL DIPPEL, GREGG
DROST, STEVEN ESTEBAN, COREY
FELTUS, JAMES FENNER, JANE
FORSTER, TIMOTHY FRICKE,
NICHOLAS GALLIMORE, DARON
GERSCH, ROY HALL, JULIE HOWE,
BARRY HOWELL, KATHLEEN
JAGODZINSKI, ROBERT JENSEN,
SARA KOHEN on behalf of K.K., a
minor child, NICHOLAS KRANZ,
RANDALL KRUG, WENDY KRUGER-
NERUD, DAVID LARSON, JANET
LEACH, MICKEL LEATHEM, CAROL
LUNDSTROM, STEPHEN MAJESKI,
PAMELA MARONEY, MATTHEW
MARTIN, DANIEL MILLER, KELLY
MURPHY, ANITA NELSON, PATRICK
OETTERER, MARY OLSON,
REBECCA OSBORNE, CATHERINE
PERRY, GAYLORD QUINN, JOY
REGAN, ROBERT RICE, LONNIE
ROGOWSKI, ROBERT SAFFRIN,
ROBERT SAURDIFF, DAVID
SCHRAMM, JASON SMITH, REGINA
TURNING, JUDY VESSELS, JOHN
WIDHOLM, CRAIG WITTICH, AND
JACK YOUNGBERG,

**Civil Summons**

Plaintiff

vs

3M COMPANY (f/k/a Minnesota Mining

62-CV-25-5179
Filed in District Court
State of Minnesota
6/26/2025 8:09 PM

and Manufacturing, Co.); AGC
CHEMICAL AMERICAS, INC.; AGC
INC. (f/k/a Asahi Glass Co.. Ltd.);
ARCHROMA U.S., INC.; ARKEMA,
INC.; BASF CORP.; BUCKEYE FIRE
EQUIPMENT CO.; CHEMDESIGN
PRODUCTS, INC.; CHEMGUARD,
INC.; CLARIANT CORP.; CORTEVA,
INC.; DUPONT DE NEMOURS, INC.;
DYNAX CORP.; E.I. DU PONT DE
NEMOURS & COMPANY; THE
CHEMOURS COMPANY; THE
CHEMOURS COMPANY FC, LLC;
TYCO FIRE PRODUCTS, LP; AND
JOHN DOE DEFENDANTS 1-49,

Defendant

---

This Summons is directed to (name of Defendant):

  3M Company (f/k/a Minnesota Mining and Manufacturing, Co.)                    .

1.      **You are being sued**. The Plaintiff has started a lawsuit against you. The *Complaint* is
attached to this *Summons*. Do not throw these papers away. They are official papers that start a
lawsuit and affect your legal rights, even if nothing has been filed with the court and even if
there is no court file number on this *Summons*.

2.      **You must BOTH reply, in writing, AND get a copy of your reply to the
person/business who is suing you within 21 days to protect your rights.** Your reply is called
an *Answer*.  Getting your reply to the Plaintiff is called service.You must serve a copy of your
*Answer or Answer and Counterclaim* (Answer) within 21 days from the date you received the
*Summons* and *Complaint*.

        ANSWER: You can find the *Answer* form and instructions on the MN Judicial Branch
website at www.mncourts.gov/forms under the "Civil" category.  The instructions will explain in
detail how to fill out the *Answer* form.

3.      **You must respond to each claim.**  The *Answer* is your written response to the
Plaintiff's *Complaint*. In your *Answer* you must state whether you agree or disagree with each
paragraph of the *Complaint*. If you think the Plaintiff should not be given everything they
asked for in the *Complaint*, you must say that in your *Answer*.

4.      SERVICE: **You may lose your case if you do not send a written response to the Plaintiff.** If you do not serve a written *Answer* within 21 days, you may lose this case by default. You will not get to tell your side of the story. If you choose not to respond, the Plaintiff may be awarded everything they asked for in their *Complaint*. If you agree with the claims stated in the *Complaint*, you don't need to respond. A default judgment can than be entered against you for what the Plaintiff asked for in the *Complaint*.

        To protect your rights, you must serve a copy of your *Answer* on the person who signed this *Summons* in person or by mail at this address:

_____.


5.      Carefully read the Instructions (CIV301) for the *Answer* for your next steps.

6.      **Legal Assistance.** You may wish to get legal help from an attorney. If you do not have an attorney and would like legal help:

- Visit www.mncourts.gov/selfhelp and click on the "Legal Advice Clinics" tab to get more information about legal clinics in each Minnesota county.

- Court Administration may have information about places where you can get legal assistance.

**NOTE: Even if you cannot get legal help, you must still serve a written *Answer* to protect your rights or you may lose the case.**


7.      **Alternative Dispute Resolution (ADR).** The parties may agree to or be ordered to participate in an ADR process under Rule 114 of the Minnesota Rules of Practice. You must still serve your written *Answer,* even if you expect to use ADR.


__6/26/2025_____          _____
Date                                   Signature

                                       Name: _Michael Pacelli_____

                                       Address: _3102 Oak Lawn Ave, Ste. 1100_

                                       City, State, Zip: _Dallas, TX 75219____

                                       Telephone: _(214) 521-3605_____

E-mail: <u>mpacelli@baronbudd.com</u>



## State of Minnesota

| | |
|---|---|
| County Of: Ramsey | |

## District Court

| | |
|---|---|
| Judicial District: | Second |
| Court File Number: | |
| Case Type: | Product Liability |

MICHELLE ABRAHAMSON, KITTY ANDERSON, KENNETH BAXTER-LESNIAK, RAYMOND BEAUVAIS, ALWOOD BECK, HELEN BRANBY, BRUCE BRENDAL, BRIAN BROWN, DAN BURDICK, ERIC BURMEISTER, ROBERT CARMAN, AMBER CHAVEZ, MARY COWAN, GREGORY CZECH, MICHAEL DIPPEL, GREGG DROST, STEVEN ESTEBAN, COREY FELTUS, JAMES FENNER, JANE FORSTER, TIMOTHY FRICKE, NICHOLAS GALLIMORE, DARON GERSCH, ROY HALL, JULIE HOWE, BARRY HOWELL, KATHLEEN JAGODZINSKI, ROBERT JENSEN, SARA KOHEN on behalf of K.K., a minor child, NICHOLAS KRANZ, RANDALL KRUG, WENDY KRUGER-NERUD, DAVID LARSON, JANET LEACH, MICKEL LEATHEM, CAROL LUNDSTROM, STEPHEN MAJESKI, PAMELA MARONEY, MATTHEW MARTIN, DANIEL MILLER, KELLY MURPHY, ANITA NELSON, PATRICK OETTERER, MARY OLSON, REBECCA OSBORNE, CATHERINE PERRY, GAYLORD QUINN, JOY REGAN, ROBERT RICE, LONNIE ROGOWSKI, ROBERT SAFFRIN, ROBERT SAURDIFF, DAVID SCHRAMM, JASON SMITH, REGINA TURNING, JUDY VESSELS, JOHN WIDHOLM, CRAIG WITTICH, AND JACK YOUNGBERG,

**Civil Summons**

Plaintiff

vs

3M COMPANY (f/k/a Minnesota Mining

and Manufacturing, Co.); AGC
CHEMICAL AMERICAS, INC.; AGC
INC. (f/k/a Asahi Glass Co.. Ltd.);
ARCHROMA U.S., INC.; ARKEMA,
INC.; BASF CORP.; BUCKEYE FIRE
EQUIPMENT CO.; CHEMDESIGN
PRODUCTS, INC.; CHEMGUARD,
INC.; CLARIANT CORP.; CORTEVA,
INC.; DUPONT DE NEMOURS, INC.;
DYNAX CORP.; E.I. DU PONT DE
NEMOURS & COMPANY; THE
CHEMOURS COMPANY; THE
CHEMOURS COMPANY FC, LLC;
TYCO FIRE PRODUCTS, LP; AND
JOHN DOE DEFENDANTS 1-49,

Defendant

---

This Summons is directed to (name of Defendant):

    AGC Chemical Americas, Inc.                                                  .

1.      **You are being sued**. The Plaintiff has started a lawsuit against you. The *Complaint* is
attached to this *Summons*. Do not throw these papers away. They are official papers that start a
lawsuit and affect your legal rights, even if nothing has been filed with the court and even if
there is no court file number on this *Summons*.

2.      **You must BOTH reply, in writing, AND get a copy of your reply to the
person/business who is suing you within 21 days to protect your rights.** Your reply is called
an *Answer*. Getting your reply to the Plaintiff is called <u>service</u>.You must serve a copy of your
*Answer or Answer and Counterclaim* (Answer) within 21 days from the date you received the
*Summons* and *Complaint*.

        ANSWER: You can find the *Answer* form and instructions on the MN Judicial Branch
website at <u>www.mncourts.gov/forms</u> under the "Civil" category.  The instructions will explain in
detail how to fill out the *Answer* form.

3.      **You must respond to each claim.**  The *Answer* is your written response to the
Plaintiff's *Complaint*. In your *Answer* you must state whether you agree or disagree with each
paragraph of the *Complaint*. If you think the Plaintiff should not be given everything they
asked for in the *Complaint*, you must say that in your *Answer*.

4.      SERVICE: **You may lose your case if you do not send a written response to the Plaintiff.** If you do not serve a written *Answer* within 21 days, you may lose this case by default. You will not get to tell your side of the story. If you choose not to respond, the Plaintiff may be awarded everything they asked for in their *Complaint*. If you agree with the claims stated in the *Complaint*, you don't need to respond. A default judgment can than be entered against you for what the Plaintiff asked for in the *Complaint*.

To protect your rights, you must serve a copy of your *Answer* on the person who signed this *Summons* in person or by mail at this address:

_____ .

5.      Carefully read the Instructions (CIV301) for the *Answer* for your next steps.

6.      **Legal Assistance.** You may wish to get legal help from an attorney. If you do not have an attorney and would like legal help:

- Visit www.mncourts.gov/selfhelp and click on the "Legal Advice Clinics" tab to get more information about legal clinics in each Minnesota county.
- Court Administration may have information about places where you can get legal assistance.

**NOTE: Even if you cannot get legal help, you must still serve a written *Answer* to protect your rights or you may lose the case.**

7.      **Alternative Dispute Resolution (ADR).** The parties may agree to or be ordered to participate in an ADR process under Rule 114 of the Minnesota Rules of Practice. You must still serve your written *Answer,* even if you expect to use ADR.

_6/26/2025_____        _____
Date                                                    Signature

                                                        Name:  Michael Pacelli
                                                        Address:  3102 Oak Lawn Ave, Ste. 1100
                                                        City, State, Zip:  Dallas, TX 75219
                                                        Telephone:  (214) 521-3605

E-mail:  mpacelli@baronbudd.com



# State of Minnesota

| | |
|---|---|
| County Of: Ramsey | |

# District Court

| | |
|---|---|
| Judicial District: | Second |
| Court File Number: | |
| Case Type: | Product Liability |

MICHELLE ABRAHAMSON, KITTY ANDERSON, KENNETH BAXTER-LESNIAK, RAYMOND BEAUVAIS, ALWOOD BECK, HELEN BRANBY, BRUCE BRENDAL, BRIAN BROWN, DAN BURDICK, ERIC BURMEISTER, ROBERT CARMAN, AMBER CHAVEZ, MARY COWAN, GREGORY CZECH, MICHAEL DIPPEL, GREGG DROST, STEVEN ESTEBAN, COREY FELTUS, JAMES FENNER, JANE FORSTER, TIMOTHY FRICKE, NICHOLAS GALLIMORE, DARON GERSCH, ROY HALL, JULIE HOWE, BARRY HOWELL, KATHLEEN JAGODZINSKI, ROBERT JENSEN, SARA KOHEN on behalf of K.K., a minor child, NICHOLAS KRANZ, RANDALL KRUG, WENDY KRUGER-NERUD, DAVID LARSON, JANET LEACH, MICKEL LEATHEM, CAROL LUNDSTROM, STEPHEN MAJESKI, PAMELA MARONEY, MATTHEW MARTIN, DANIEL MILLER, KELLY MURPHY, ANITA NELSON, PATRICK OETTERER, MARY OLSON, REBECCA OSBORNE, CATHERINE PERRY, GAYLORD QUINN, JOY REGAN, ROBERT RICE, LONNIE ROGOWSKI, ROBERT SAFFRIN, ROBERT SAURDIFF, DAVID SCHRAMM, JASON SMITH, REGINA TURNING, JUDY VESSELS, JOHN WIDHOLM, CRAIG WITTICH, AND JACK YOUNGBERG,

**Civil Summons**

Plaintiff

vs

3M COMPANY (f/k/a Minnesota Mining

and Manufacturing, Co.); AGC
CHEMICAL AMERICAS, INC.; AGC
INC. (f/k/a Asahi Glass Co.. Ltd.);
ARCHROMA U.S., INC.; ARKEMA,
INC.; BASF CORP.; BUCKEYE FIRE
EQUIPMENT CO.; CHEMDESIGN
PRODUCTS, INC.; CHEMGUARD,
INC.; CLARIANT CORP.; CORTEVA,
INC.; DUPONT DE NEMOURS, INC.;
DYNAX CORP.; E.I. DU PONT DE
NEMOURS & COMPANY; THE
CHEMOURS COMPANY; THE
CHEMOURS COMPANY FC, LLC;
TYCO FIRE PRODUCTS, LP; AND
JOHN DOE DEFENDANTS 1-49,

Defendant

---

This Summons is directed to (name of Defendant):

   AGC, INC. (f/k/a Asahi Glass Co., Ltd.)                                            .

1.     **You are being sued**. The Plaintiff has started a lawsuit against you. The *Complaint* is
attached to this *Summons*. Do not throw these papers away. They are official papers that start a
lawsuit and affect your legal rights, even if nothing has been filed with the court and even if
there is no court file number on this *Summons*.

2.     **You must BOTH reply, in writing, AND get a copy of your reply to the
person/business who is suing you within 21 days to protect your rights.** Your reply is called
an *Answer*.  Getting your reply to the Plaintiff is called service.You must serve a copy of your
*Answer or Answer and Counterclaim* (Answer) within 21 days from the date you received the
*Summons* and *Complaint*.

       ANSWER: You can find the *Answer* form and instructions on the MN Judicial Branch
website at www.mncourts.gov/forms under the "Civil" category.  The instructions will explain in
detail how to fill out the *Answer* form.

3.     **You must respond to each claim.**  The *Answer* is your written response to the
Plaintiff's *Complaint*. In your *Answer* you must state whether you agree or disagree with each
paragraph of the *Complaint*. If you think the Plaintiff should not be given everything they
asked for in the *Complaint*, you must say that in your *Answer*.

4.      SERVICE: **You may lose your case if you do not send a written response to the Plaintiff.** If you do not serve a written *Answer* within 21 days, you may lose this case by default. You will not get to tell your side of the story. If you choose not to respond, the Plaintiff may be awarded everything they asked for in their *Complaint*. If you agree with the claims stated in the *Complaint*, you don't need to respond. A default judgment can than be entered against you for what the Plaintiff asked for in the *Complaint*.

        To protect your rights, you must serve a copy of your *Answer* on the person who signed this *Summons* in person or by mail at this address:

_____.

5.      Carefully read the Instructions (CIV301) for the *Answer* for your next steps.

6.      **Legal Assistance.** You may wish to get legal help from an attorney. If you do not have an attorney and would like legal help:

- Visit www.mncourts.gov/selfhelp and click on the "Legal Advice Clinics" tab to get more information about legal clinics in each Minnesota county.

- Court Administration may have information about places where you can get legal assistance.

**NOTE: Even if you cannot get legal help, you must still serve a written *Answer* to protect your rights or you may lose the case.**

7.      **Alternative Dispute Resolution (ADR).** The parties may agree to or be ordered to participate in an ADR process under Rule 114 of the Minnesota Rules of Practice. You must still serve your written *Answer,* even if you expect to use ADR.

_6/26/2025_____          _____
Date                                     Signature

                                         Name:  Michael Pacelli_____

                                         Address:  3102 Oak Lawn Ave, Ste. 1100____

                                         City, State, Zip:  Dallas, TX 75219_____

                                         Telephone:  (214) 521-3605_____

Filed in District Court
State of Minnesota
6/26/2025 8:09 PM

E-mail:  mpacelli@baronbudd.com



## State of Minnesota

| | |
|---|---|
| County Of: Ramsey | |

## District Court

| | |
|---|---|
| Judicial District: | Second |
| Court File Number: | |
| Case Type: | Product Liability |

MICHELLE ABRAHAMSON, KITTY
ANDERSON, KENNETH BAXTER-
LESNIAK, RAYMOND BEAUVAIS,
ALWOOD BECK, HELEN BRANBY,
BRUCE BRENDAL, BRIAN BROWN,
DAN BURDICK, ERIC BURMEISTER,
ROBERT CARMAN, AMBER
CHAVEZ, MARY COWAN, GREGORY
CZECH, MICHAEL DIPPEL, GREGG
DROST, STEVEN ESTEBAN, COREY
FELTUS, JAMES FENNER, JANE
FORSTER, TIMOTHY FRICKE,
NICHOLAS GALLIMORE, DARON
GERSCH, ROY HALL, JULIE HOWE,
BARRY HOWELL, KATHLEEN
JAGODZINSKI, ROBERT JENSEN,
SARA KOHEN on behalf of K.K., a
minor child, NICHOLAS KRANZ,
RANDALL KRUG, WENDY KRUGER-
NERUD, DAVID LARSON, JANET
LEACH, MICKEL LEATHEM, CAROL
LUNDSTROM, STEPHEN MAJESKI,
PAMELA MARONEY, MATTHEW
MARTIN, DANIEL MILLER, KELLY
MURPHY, ANITA NELSON, PATRICK
OETTERER, MARY OLSON,
REBECCA OSBORNE, CATHERINE
PERRY, GAYLORD QUINN, JOY
REGAN, ROBERT RICE, LONNIE
ROGOWSKI, ROBERT SAFFRIN,
ROBERT SAURDIFF, DAVID
SCHRAMM, JASON SMITH, REGINA
TURNING, JUDY VESSELS, JOHN
WIDHOLM, CRAIG WITTICH, AND
JACK YOUNGBERG,

**Civil Summons**

Plaintiff

vs

3M COMPANY (f/k/a Minnesota Mining

and Manufacturing, Co.); AGC
CHEMICAL AMERICAS, INC.; AGC
INC. (f/k/a Asahi Glass Co.. Ltd.);
ARCHROMA U.S., INC.; ARKEMA,
INC.; BASF CORP.; BUCKEYE FIRE
EQUIPMENT CO.; CHEMDESIGN
PRODUCTS, INC.; CHEMGUARD,
INC.; CLARIANT CORP.; CORTEVA,
INC.; DUPONT DE NEMOURS, INC.;
DYNAX CORP.; E.I. DU PONT DE
NEMOURS & COMPANY; THE
CHEMOURS COMPANY; THE
CHEMOURS COMPANY FC, LLC;
TYCO FIRE PRODUCTS, LP; AND
JOHN DOE DEFENDANTS 1-49,

Defendant

---

This Summons is directed to (name of Defendant):

  Archroma U.S., Inc.                                                                    .

1.      **You are being sued**. The Plaintiff has started a lawsuit against you. The *Complaint* is
attached to this *Summons*. Do not throw these papers away. They are official papers that start a
lawsuit and affect your legal rights, even if nothing has been filed with the court and even if
there is no court file number on this *Summons*.

2.      **You must BOTH reply, in writing, AND get a copy of your reply to the
person/business who is suing you within 21 days to protect your rights.** Your reply is called
an *Answer*.  Getting your reply to the Plaintiff is called <u>service</u>.You must serve a copy of your
*Answer or Answer and Counterclaim* (Answer) within 21 days from the date you received the
*Summons* and *Complaint*.

        ANSWER: You can find the *Answer* form and instructions on the MN Judicial Branch
website at <u>www.mncourts.gov/forms</u> under the "Civil" category.  The instructions will explain in
detail how to fill out the *Answer* form.

3.      **You must respond to each claim.**  The *Answer* is your written response to the
Plaintiff's *Complaint*. In your *Answer* you must state whether you agree or disagree with each
paragraph of the *Complaint*. If you think the Plaintiff should not be given everything they
asked for in the *Complaint*, you must say that in your *Answer*.

4.     SERVICE: **You may lose your case if you do not send a written response to the Plaintiff.** If you do not serve a written *Answer* within 21 days, you may lose this case by default. You will not get to tell your side of the story. If you choose not to respond, the Plaintiff may be awarded everything they asked for in their *Complaint*. If you agree with the claims stated in the *Complaint*, you don't need to respond. A default judgment can than be entered against you for what the Plaintiff asked for in the *Complaint*.

To protect your rights, you must serve a copy of your *Answer* on the person who signed this *Summons* in person or by mail at this address:

_____ .

5.     Carefully read the Instructions (CIV301) for the *Answer* for your next steps.

6.     **Legal Assistance.** You may wish to get legal help from an attorney. If you do not have an attorney and would like legal help:

- Visit www.mncourts.gov/selfhelp and click on the "Legal Advice Clinics" tab to get more information about legal clinics in each Minnesota county.

- Court Administration may have information about places where you can get legal assistance.

**NOTE: Even if you cannot get legal help, you must still serve a written *Answer* to protect your rights or you may lose the case.**

7.     **Alternative Dispute Resolution (ADR).** The parties may agree to or be ordered to participate in an ADR process under Rule 114 of the Minnesota Rules of Practice. You must still serve your written *Answer,* even if you expect to use ADR.

___6/26/2025___
Date

Signature

Name: _Michael Pacelli_

Address: _3102 Oak Lawn Ave, Ste. 1100_

City, State, Zip: _Dallas, TX 75219_

Telephone: _(214) 521-3605_

Filed in District Court
State of Minnesota
6/26/2025 8:09 PM

E-mail:  mpacelli@baronbudd.com



**State of Minnesota**                                        **District Court**

| County Of: Ramsey |
| --- |

| Judicial District: | Second |
| Court File Number: | |
| Case Type: | Product Liability |

MICHELLE ABRAHAMSON, KITTY
ANDERSON, KENNETH BAXTER-
LESNIAK, RAYMOND BEAUVAIS,
ALWOOD BECK, HELEN BRANBY,
BRUCE BRENDAL, BRIAN BROWN,
DAN BURDICK, ERIC BURMEISTER,
ROBERT CARMAN, AMBER
CHAVEZ, MARY COWAN, GREGORY
CZECH, MICHAEL DIPPEL, GREGG
DROST, STEVEN ESTEBAN, COREY
FELTUS, JAMES FENNER, JANE
FORSTER, TIMOTHY FRICKE,
NICHOLAS GALLIMORE, DARON
GERSCH, ROY HALL, JULIE HOWE,
BARRY HOWELL, KATHLEEN
JAGODZINSKI, ROBERT JENSEN,
SARA KOHEN on behalf of K.K., a
minor child, NICHOLAS KRANZ,
RANDALL KRUG, WENDY KRUGER-
NERUD, DAVID LARSON, JANET
LEACH, MICKEL LEATHEM, CAROL
LUNDSTROM, STEPHEN MAJESKI,
PAMELA MARONEY, MATTHEW
MARTIN, DANIEL MILLER, KELLY
MURPHY, ANITA NELSON, PATRICK
OETTERER, MARY OLSON,
REBECCA OSBORNE, CATHERINE
PERRY, GAYLORD QUINN, JOY
REGAN, ROBERT RICE, LONNIE
ROGOWSKI, ROBERT SAFFRIN,
ROBERT SAURDIFF, DAVID
SCHRAMM, JASON SMITH, REGINA
TURNING, JUDY VESSELS, JOHN
WIDHOLM, CRAIG WITTICH, AND
JACK YOUNGBERG,

**Civil Summons**

Plaintiff

vs

3M COMPANY (f/k/a Minnesota Mining

and Manufacturing, Co.); AGC
CHEMICAL AMERICAS, INC.; AGC
INC. (f/k/a Asahi Glass Co.. Ltd.);
ARCHROMA U.S., INC.; ARKEMA,
INC.; BASF CORP.; BUCKEYE FIRE
EQUIPMENT CO.; CHEMDESIGN
PRODUCTS, INC.; CHEMGUARD,
INC.; CLARIANT CORP.; CORTEVA,
INC.; DUPONT DE NEMOURS, INC.;
DYNAX CORP.; E.I. DU PONT DE
NEMOURS & COMPANY; THE
CHEMOURS COMPANY; THE
CHEMOURS COMPANY FC, LLC;
TYCO FIRE PRODUCTS, LP; AND
JOHN DOE DEFENDANTS 1-49,
Defendant

---

This Summons is directed to (name of Defendant):

   Arkema, Inc.                                                                    .

1.      **You are being sued**. The Plaintiff has started a lawsuit against you. The *Complaint* is
attached to this *Summons*. Do not throw these papers away. They are official papers that start a
lawsuit and affect your legal rights, even if nothing has been filed with the court and even if
there is no court file number on this *Summons*.

2.      **You must BOTH reply, in writing, AND get a copy of your reply to the
person/business who is suing you within 21 days to protect your rights.** Your reply is called
an *Answer*.  Getting your reply to the Plaintiff is called service.You must serve a copy of your
*Answer or Answer and Counterclaim* (Answer) within 21 days from the date you received the
*Summons* and *Complaint*.

        ANSWER: You can find the *Answer* form and instructions on the MN Judicial Branch
website at www.mncourts.gov/forms under the "Civil" category.  The instructions will explain in
detail how to fill out the *Answer* form.

3.      **You must respond to each claim.**  The *Answer* is your written response to the
Plaintiff's *Complaint*. In your *Answer* you must state whether you agree or disagree with each
paragraph of the *Complaint*. If you think the Plaintiff should not be given everything they
asked for in the *Complaint*, you must say that in your *Answer*.

4.    SERVICE: **You may lose your case if you do not send a written response to the Plaintiff.** If you do not serve a written *Answer* within 21 days, you may lose this case by default. You will not get to tell your side of the story. If you choose not to respond, the Plaintiff may be awarded everything they asked for in their *Complaint*. If you agree with the claims stated in the *Complaint*, you don't need to respond. A default judgment can than be entered against you for what the Plaintiff asked for in the *Complaint*.

To protect your rights, you must serve a copy of your *Answer* on the person who signed this *Summons* in person or by mail at this address:

_____.

5.    Carefully read the Instructions (CIV301) for the *Answer* for your next steps.

6.    **Legal Assistance.** You may wish to get legal help from an attorney. If you do not have an attorney and would like legal help:

- Visit www.mncourts.gov/selfhelp and click on the "Legal Advice Clinics" tab to get more information about legal clinics in each Minnesota county.

- Court Administration may have information about places where you can get legal assistance.

**NOTE: Even if you cannot get legal help, you must still serve a written *Answer* to protect your rights or you may lose the case.**

7.    **Alternative Dispute Resolution (ADR).** The parties may agree to or be ordered to participate in an ADR process under Rule 114 of the Minnesota Rules of Practice. You must still serve your written *Answer,* even if you expect to use ADR.

__6/26/2025_____      _____
Date                                                      Signature

                                            Name:  Michael Pacelli_____

                                            Address:  3102 Oak Lawn Ave, Ste. 1100

                                            City, State, Zip:  Dallas, TX 75219_____

                                            Telephone:  (214) 521-3605_____

Filed in District Court
State of Minnesota
6/26/2025 8:09 PM

E-mail: <u> mpacelli@baronbudd.com</u>



**State of Minnesota**                    **District Court**

| County Of: Ramsey | Judicial District: | Second |
| | Court File Number: | |
| | Case Type: | Product Liability |

MICHELLE ABRAHAMSON, KITTY
ANDERSON, KENNETH BAXTER-
LESNIAK, RAYMOND BEAUVAIS,
ALWOOD BECK, HELEN BRANBY,
BRUCE BRENDAL, BRIAN BROWN,
DAN BURDICK, ERIC BURMEISTER,
ROBERT CARMAN, AMBER
CHAVEZ, MARY COWAN, GREGORY
CZECH, MICHAEL DIPPEL, GREGG
DROST, STEVEN ESTEBAN, COREY
FELTUS, JAMES FENNER, JANE
FORSTER, TIMOTHY FRICKE,
NICHOLAS GALLIMORE, DARON
GERSCH, ROY HALL, JULIE HOWE,
BARRY HOWELL, KATHLEEN
JAGODZINSKI, ROBERT JENSEN,
SARA KOHEN on behalf of K.K., a
minor child, NICHOLAS KRANZ,
RANDALL KRUG, WENDY KRUGER-
NERUD, DAVID LARSON, JANET
LEACH, MICKEL LEATHEM, CAROL
LUNDSTROM, STEPHEN MAJESKI,
PAMELA MARONEY, MATTHEW
MARTIN, DANIEL MILLER, KELLY
MURPHY, ANITA NELSON, PATRICK
OETTERER, MARY OLSON,
REBECCA OSBORNE, CATHERINE
PERRY, GAYLORD QUINN, JOY
REGAN, ROBERT RICE, LONNIE
ROGOWSKI, ROBERT SAFFRIN,
ROBERT SAURDIFF, DAVID
SCHRAMM, JASON SMITH, REGINA
TURNING, JUDY VESSELS, JOHN
WIDHOLM, CRAIG WITTICH, AND
JACK YOUNGBERG,

**Civil Summons**

Plaintiff

vs

3M COMPANY (f/k/a Minnesota Mining

Filed in District Court
State of Minnesota
6/26/2025 8:09 PM

and Manufacturing, Co.); AGC
CHEMICAL AMERICAS, INC.; AGC
INC. (f/k/a Asahi Glass Co.. Ltd.);
ARCHROMA U.S., INC.; ARKEMA,
INC.; BASF CORP.; BUCKEYE FIRE
EQUIPMENT CO.; CHEMDESIGN
PRODUCTS, INC.; CHEMGUARD,
INC.; CLARIANT CORP.; CORTEVA,
INC.; DUPONT DE NEMOURS, INC.;
DYNAX CORP.; E.I. DU PONT DE
NEMOURS & COMPANY; THE
CHEMOURS COMPANY; THE
CHEMOURS COMPANY FC, LLC;
TYCO FIRE PRODUCTS, LP; AND
JOHN DOE DEFENDANTS 1-49,

Defendant

---

This Summons is directed to (name of Defendant):

  BASF Corp.                                                                    .

1.    **You are being sued**. The Plaintiff has started a lawsuit against you. The *Complaint* is
attached to this *Summons*. Do not throw these papers away. They are official papers that start a
lawsuit and affect your legal rights, even if nothing has been filed with the court and even if
there is no court file number on this *Summons*.

2.    **You must BOTH reply, in writing, AND get a copy of your reply to the
person/business who is suing you within 21 days to protect your rights.** Your reply is called
an *Answer*.  Getting your reply to the Plaintiff is called service.You must serve a copy of your
*Answer or Answer and Counterclaim* (Answer) within 21 days from the date you received the
*Summons* and *Complaint*.

       ANSWER: You can find the *Answer* form and instructions on the MN Judicial Branch
website at www.mncourts.gov/forms under the "Civil" category.  The instructions will explain in
detail how to fill out the *Answer* form.

3.    **You must respond to each claim.**  The *Answer* is your written response to the
Plaintiff's *Complaint*. In your *Answer* you must state whether you agree or disagree with each
paragraph of the *Complaint*. If you think the Plaintiff should not be given everything they
asked for in the *Complaint*, you must say that in your *Answer*.

4.      SERVICE: **You may lose your case if you do not send a written response to the Plaintiff.** If you do not serve a written *Answer* within 21 days, you may lose this case by default. You will not get to tell your side of the story. If you choose not to respond, the Plaintiff may be awarded everything they asked for in their *Complaint*. If you agree with the claims stated in the *Complaint*, you don't need to respond. A default judgment can than be entered against you for what the Plaintiff asked for in the *Complaint*.

        To protect your rights, you must serve a copy of your *Answer* on the person who signed this *Summons* in person or by mail at this address:

_____.

5.      Carefully read the Instructions (CIV301) for the *Answer* for your next steps.

6.      **Legal Assistance.** You may wish to get legal help from an attorney. If you do not have an attorney and would like legal help:

- Visit www.mncourts.gov/selfhelp and click on the "Legal Advice Clinics" tab to get more information about legal clinics in each Minnesota county.

- Court Administration may have information about places where you can get legal assistance.

**NOTE: Even if you cannot get legal help, you must still serve a written *Answer* to protect your rights or you may lose the case.**

7.      **Alternative Dispute Resolution (ADR).** The parties may agree to or be ordered to participate in an ADR process under Rule 114 of the Minnesota Rules of Practice. You must still serve your written *Answer,* even if you expect to use ADR.

__6/26/2025_____          _____
Date                                                         Signature

                                                    Name: _ Michael Pacelli_____

                                                    Address: _3102 Oak Lawn Ave, Ste. 1100_

                                                    City, State, Zip: _Dallas, TX 75219_____

                                                    Telephone: _(214) 521-3605_____

E-mail: mpacelli@baronbudd.com



## State of Minnesota                    District Court

| County Of: Ramsey | |
|---|---|

| Judicial District: | Second |
|---|---|
| Court File Number: | |
| Case Type: | Product Liability |

MICHELLE ABRAHAMSON, KITTY ANDERSON, KENNETH BAXTER-LESNIAK, RAYMOND BEAUVAIS, ALWOOD BECK, HELEN BRANBY, BRUCE BRENDAL, BRIAN BROWN, DAN BURDICK, ERIC BURMEISTER, ROBERT CARMAN, AMBER CHAVEZ, MARY COWAN, GREGORY CZECH, MICHAEL DIPPEL, GREGG DROST, STEVEN ESTEBAN, COREY FELTUS, JAMES FENNER, JANE FORSTER, TIMOTHY FRICKE, NICHOLAS GALLIMORE, DARON GERSCH, ROY HALL, JULIE HOWE, BARRY HOWELL, KATHLEEN JAGODZINSKI, ROBERT JENSEN, SARA KOHEN on behalf of K.K., a minor child, NICHOLAS KRANZ, RANDALL KRUG, WENDY KRUGER-NERUD, DAVID LARSON, JANET LEACH, MICKEL LEATHEM, CAROL LUNDSTROM, STEPHEN MAJESKI, PAMELA MARONEY, MATTHEW MARTIN, DANIEL MILLER, KELLY MURPHY, ANITA NELSON, PATRICK OETTERER, MARY OLSON, REBECCA OSBORNE, CATHERINE PERRY, GAYLORD QUINN, JOY REGAN, ROBERT RICE, LONNIE ROGOWSKI, ROBERT SAFFRIN, ROBERT SAURDIFF, DAVID SCHRAMM, JASON SMITH, REGINA TURNING, JUDY VESSELS, JOHN WIDHOLM, CRAIG WITTICH, AND JACK YOUNGBERG,

**Civil Summons**

Plaintiff

vs

3M COMPANY (f/k/a Minnesota Mining

and Manufacturing, Co.); AGC
CHEMICAL AMERICAS, INC.; AGC
INC. (f/k/a Asahi Glass Co.. Ltd.);
ARCHROMA U.S., INC.; ARKEMA,
INC.; BASF CORP.; BUCKEYE FIRE
EQUIPMENT CO.; CHEMDESIGN
PRODUCTS, INC.; CHEMGUARD,
INC.; CLARIANT CORP.; CORTEVA,
INC.; DUPONT DE NEMOURS, INC.;
DYNAX CORP.; E.I. DU PONT DE
NEMOURS & COMPANY; THE
CHEMOURS COMPANY; THE
CHEMOURS COMPANY FC, LLC;
TYCO FIRE PRODUCTS, LP; AND
JOHN DOE DEFENDANTS 1-49,
Defendant

---

This Summons is directed to (name of Defendant):

  Buckeye Fire Equipment Co.                                          .

1.      **You are being sued**. The Plaintiff has started a lawsuit against you. The *Complaint* is
attached to this *Summons*. Do not throw these papers away. They are official papers that start a
lawsuit and affect your legal rights, even if nothing has been filed with the court and even if
there is no court file number on this *Summons*.

2.      **You must BOTH reply, in writing, AND get a copy of your reply to the
person/business who is suing you within 21 days to protect your rights.** Your reply is called
an *Answer*.  Getting your reply to the Plaintiff is called service.You must serve a copy of your
*Answer or Answer and Counterclaim* (Answer) within 21 days from the date you received the
*Summons* and *Complaint*.

        ANSWER: You can find the *Answer* form and instructions on the MN Judicial Branch
website at www.mncourts.gov/forms under the "Civil" category.  The instructions will explain in
detail how to fill out the *Answer* form.

3.      **You must respond to each claim.**  The *Answer* is your written response to the
Plaintiff's *Complaint*. In your *Answer* you must state whether you agree or disagree with each
paragraph of the *Complaint*. If you think the Plaintiff should not be given everything they
asked for in the *Complaint*, you must say that in your *Answer*.

4.      SERVICE: **You may lose your case if you do not send a written response to the Plaintiff.** If you do not serve a written *Answer* within 21 days, you may lose this case by default. You will not get to tell your side of the story. If you choose not to respond, the Plaintiff may be awarded everything they asked for in their *Complaint*. If you agree with the claims stated in the *Complaint*, you don't need to respond. A default judgment can than be entered against you for what the Plaintiff asked for in the *Complaint*.

To protect your rights, you must serve a copy of your *Answer* on the person who signed this *Summons* in person or by mail at this address:

_____ .

5.      Carefully read the Instructions (CIV301) for the *Answer* for your next steps.

6.      **Legal Assistance.** You may wish to get legal help from an attorney. If you do not have an attorney and would like legal help:

- Visit www.mncourts.gov/selfhelp and click on the "Legal Advice Clinics" tab to get more information about legal clinics in each Minnesota county.

- Court Administration may have information about places where you can get legal assistance.

**NOTE: Even if you cannot get legal help, you must still serve a written *Answer* to protect your rights or you may lose the case.**

7.      **Alternative Dispute Resolution (ADR).** The parties may agree to or be ordered to participate in an ADR process under Rule 114 of the Minnesota Rules of Practice. You must still serve your written *Answer,* even if you expect to use ADR.

_6/26/2025_____          _____
Date                                                    Signature

                                                    Name:  Michael Pacelli_____
                                                    Address: 3102 Oak Lawn Ave, Ste. 1100_____
                                                    City, State, Zip: Dallas, TX 75219_____
                                                    Telephone: (214) 521-3605_____

Filed in District Court
State of Minnesota
6/26/2025 8:09 PM

E-mail: mpacelli@baronbudd.com



## State of Minnesota

| | |
|---|---|
| County Of: Ramsey | |

## District Court

| | |
|---|---|
| Judicial District: | Second |
| Court File Number: | |
| Case Type: | Product Liability |

MICHELLE ABRAHAMSON, KITTY ANDERSON, KENNETH BAXTER-LESNIAK, RAYMOND BEAUVAIS, ALWOOD BECK, HELEN BRANBY, BRUCE BRENDAL, BRIAN BROWN, DAN BURDICK, ERIC BURMEISTER, ROBERT CARMAN, AMBER CHAVEZ, MARY COWAN, GREGORY CZECH, MICHAEL DIPPEL, GREGG DROST, STEVEN ESTEBAN, COREY FELTUS, JAMES FENNER, JANE FORSTER, TIMOTHY FRICKE, NICHOLAS GALLIMORE, DARON GERSCH, ROY HALL, JULIE HOWE, BARRY HOWELL, KATHLEEN JAGODZINSKI, ROBERT JENSEN, SARA KOHEN on behalf of K.K., a minor child, NICHOLAS KRANZ, RANDALL KRUG, WENDY KRUGER-NERUD, DAVID LARSON, JANET LEACH, MICKEL LEATHEM, CAROL LUNDSTROM, STEPHEN MAJESKI, PAMELA MARONEY, MATTHEW MARTIN, DANIEL MILLER, KELLY MURPHY, ANITA NELSON, PATRICK OETTERER, MARY OLSON, REBECCA OSBORNE, CATHERINE PERRY, GAYLORD QUINN, JOY REGAN, ROBERT RICE, LONNIE ROGOWSKI, ROBERT SAFFRIN, ROBERT SAURDIFF, DAVID SCHRAMM, JASON SMITH, REGINA TURNING, JUDY VESSELS, JOHN WIDHOLM, CRAIG WITTICH, AND JACK YOUNGBERG,

**Civil Summons**

Plaintiff

vs

3M COMPANY (f/k/a Minnesota Mining

and Manufacturing, Co.); AGC
CHEMICAL AMERICAS, INC.; AGC
INC. (f/k/a Asahi Glass Co.. Ltd.);
ARCHROMA U.S., INC.; ARKEMA,
INC.; BASF CORP.; BUCKEYE FIRE
EQUIPMENT CO.; CHEMDESIGN
PRODUCTS, INC.; CHEMGUARD,
INC.; CLARIANT CORP.; CORTEVA,
INC.; DUPONT DE NEMOURS, INC.;
DYNAX CORP.; E.I. DU PONT DE
NEMOURS & COMPANY; THE
CHEMOURS COMPANY; THE
CHEMOURS COMPANY FC, LLC;
TYCO FIRE PRODUCTS, LP; AND
JOHN DOE DEFENDANTS 1-49,

Defendant

---

This Summons is directed to (name of Defendant):

__ChemDesign Products, Inc._____.

1.    **You are being sued**. The Plaintiff has started a lawsuit against you. The *Complaint* is attached to this *Summons*. Do not throw these papers away. They are official papers that start a lawsuit and affect your legal rights, even if nothing has been filed with the court and even if there is no court file number on this *Summons*.

2.    **You must BOTH reply, in writing, AND get a copy of your reply to the person/business who is suing you within 21 days to protect your rights.** Your reply is called an *Answer*.  Getting your reply to the Plaintiff is called service. You must serve a copy of your *Answer or Answer and Counterclaim* (Answer) within 21 days from the date you received the *Summons* and *Complaint*.

       ANSWER: You can find the *Answer* form and instructions on the MN Judicial Branch website at www.mncourts.gov/forms under the "Civil" category.  The instructions will explain in detail how to fill out the *Answer* form.

3.    **You must respond to each claim.**  The *Answer* is your written response to the Plaintiff's *Complaint*. In your *Answer* you must state whether you agree or disagree with each paragraph of the *Complaint*. If you think the Plaintiff should not be given everything they asked for in the *Complaint*, you must say that in your *Answer*.

4.      SERVICE: **You may lose your case if you do not send a written response to the Plaintiff.** If you do not serve a written *Answer* within 21 days, you may lose this case by default. You will not get to tell your side of the story. If you choose not to respond, the Plaintiff may be awarded everything they asked for in their *Complaint*. If you agree with the claims stated in the *Complaint*, you don't need to respond. A default judgment can than be entered against you for what the Plaintiff asked for in the *Complaint*.

To protect your rights, you must serve a copy of your *Answer* on the person who signed this *Summons* in person or by mail at this address:

_____ .

5.      Carefully read the Instructions (CIV301) for the *Answer* for your next steps.

6.      **Legal Assistance.** You may wish to get legal help from an attorney. If you do not have an attorney and would like legal help:

- Visit www.mncourts.gov/selfhelp and click on the "Legal Advice Clinics" tab to get more information about legal clinics in each Minnesota county.

- Court Administration may have information about places where you can get legal assistance.

**NOTE: Even if you cannot get legal help, you must still serve a written *Answer* to protect your rights or you may lose the case.**

7.      **Alternative Dispute Resolution (ADR).** The parties may agree to or be ordered to participate in an ADR process under Rule 114 of the Minnesota Rules of Practice. You must still serve your written *Answer,* even if you expect to use ADR.

_6/26/2025_____        _____
Date                                                Signature

                                                Name: _Michael Pacelli_____

                                                Address: _3102 Oak Lawn Ave, Ste. 1100___

                                                City, State, Zip: _Dallas, TX 75219_____

                                                Telephone: _(214) 521-3605_____

E-mail:  mpacelli@baronbudd.com



## State of Minnesota

| | |
|---|---|
| County Of: Ramsey | |

## District Court

| | |
|---|---|
| Judicial District: | Second |
| Court File Number: | |
| Case Type: | Product Liability |

MICHELLE ABRAHAMSON, KITTY
ANDERSON, KENNETH BAXTER-
LESNIAK, RAYMOND BEAUVAIS,
ALWOOD BECK, HELEN BRANBY,
BRUCE BRENDAL, BRIAN BROWN,
DAN BURDICK, ERIC BURMEISTER,
ROBERT CARMAN, AMBER
CHAVEZ, MARY COWAN, GREGORY
CZECH, MICHAEL DIPPEL, GREGG
DROST, STEVEN ESTEBAN, COREY
FELTUS, JAMES FENNER, JANE
FORSTER, TIMOTHY FRICKE,
NICHOLAS GALLIMORE, DARON
GERSCH, ROY HALL, JULIE HOWE,
BARRY HOWELL, KATHLEEN
JAGODZINSKI, ROBERT JENSEN,
SARA KOHEN on behalf of K.K., a
minor child, NICHOLAS KRANZ,
RANDALL KRUG, WENDY KRUGER-
NERUD, DAVID LARSON, JANET
LEACH, MICKEL LEATHEM, CAROL
LUNDSTROM, STEPHEN MAJESKI,
PAMELA MARONEY, MATTHEW
MARTIN, DANIEL MILLER, KELLY
MURPHY, ANITA NELSON, PATRICK
OETTERER, MARY OLSON,
REBECCA OSBORNE, CATHERINE
PERRY, GAYLORD QUINN, JOY
REGAN, ROBERT RICE, LONNIE
ROGOWSKI, ROBERT SAFFRIN,
ROBERT SAURDIFF, DAVID
SCHRAMM, JASON SMITH, REGINA
TURNING, JUDY VESSELS, JOHN
WIDHOLM, CRAIG WITTICH, AND
JACK YOUNGBERG,

### Civil Summons

Plaintiff

vs

3M COMPANY (f/k/a Minnesota Mining

62-CV-25-5179

CASE 0:25-cv-03372-NEB-DJF    Doc. 1-1    Filed 08/26/25    Page 111 of 119    Filed in District Court
State of Minnesota
6/26/2025 8:09 PM

and Manufacturing, Co.); AGC
CHEMICAL AMERICAS, INC.; AGC
INC. (f/k/a Asahi Glass Co.. Ltd.);
ARCHROMA U.S., INC.; ARKEMA,
INC.; BASF CORP.; BUCKEYE FIRE
EQUIPMENT CO.; CHEMDESIGN
PRODUCTS, INC.; CHEMGUARD,
INC.; CLARIANT CORP.; CORTEVA,
INC.; DUPONT DE NEMOURS, INC.;
DYNAX CORP.; E.I. DU PONT DE
NEMOURS & COMPANY; THE
CHEMOURS COMPANY; THE
CHEMOURS COMPANY FC, LLC;
TYCO FIRE PRODUCTS, LP; AND
JOHN DOE DEFENDANTS 1-49,
Defendant

---

This Summons is directed to (name of Defendant):

  Chemguard, Inc. _____.

1.    **You are being sued**. The Plaintiff has started a lawsuit against you. The *Complaint* is
attached to this *Summons*. Do not throw these papers away. They are official papers that start a
lawsuit and affect your legal rights, even if nothing has been filed with the court and even if
there is no court file number on this *Summons*.

2.    **You must BOTH reply, in writing, AND get a copy of your reply to the
person/business who is suing you within 21 days to protect your rights.** Your reply is called
an *Answer*.  Getting your reply to the Plaintiff is called service.You must serve a copy of your
*Answer or Answer and Counterclaim* (Answer) within 21 days from the date you received the
*Summons* and *Complaint*.

      ANSWER: You can find the *Answer* form and instructions on the MN Judicial Branch
website at www.mncourts.gov/forms under the "Civil" category.  The instructions will explain in
detail how to fill out the *Answer* form.

3.    **You must respond to each claim.**  The *Answer* is your written response to the
Plaintiff's *Complaint*. In your *Answer* you must state whether you agree or disagree with each
paragraph of the *Complaint*. If you think the Plaintiff should not be given everything they
asked for in the *Complaint*, you must say that in your *Answer*.

4.      SERVICE: **You may lose your case if you do not send a written response to the Plaintiff.** If you do not serve a written *Answer* within 21 days, you may lose this case by default. You will not get to tell your side of the story. If you choose not to respond, the Plaintiff may be awarded everything they asked for in their *Complaint*. If you agree with the claims stated in the *Complaint*, you don't need to respond. A default judgment can then be entered against you for what the Plaintiff asked for in the *Complaint*.

To protect your rights, you must serve a copy of your *Answer* on the person who signed this *Summons* in person or by mail at this address:

_____ .

5.      Carefully read the Instructions (CIV301) for the *Answer* for your next steps.

6.      **Legal Assistance.** You may wish to get legal help from an attorney. If you do not have an attorney and would like legal help:

- Visit www.mncourts.gov/selfhelp and click on the "Legal Advice Clinics" tab to get more information about legal clinics in each Minnesota county.

- Court Administration may have information about places where you can get legal assistance.

**NOTE: Even if you cannot get legal help, you must still serve a written *Answer* to protect your rights or you may lose the case.**

7.      **Alternative Dispute Resolution (ADR).** The parties may agree to or be ordered to participate in an ADR process under Rule 114 of the Minnesota Rules of Practice. You must still serve your written *Answer,* even if you expect to use ADR.

__6/26/2025_____        _____
Date                                                 Signature

                                                     Name:  Michael Pacelli
                                                     Address:  3102 Oak Lawn Ave, Ste. 1100
                                                     City, State, Zip:  Dallas, TX 75219
                                                     Telephone:  (214) 521-3605

E-mail:  mpacelli@baronbudd.com



## State of Minnesota

| | |
|---|---|
| County Of: Ramsey | |

## District Court

| | |
|---|---|
| Judicial District: | Second |
| Court File Number: | |
| Case Type: | Product Liability |

MICHELLE ABRAHAMSON, KITTY ANDERSON, KENNETH BAXTER-LESNIAK, RAYMOND BEAUVAIS, ALWOOD BECK, HELEN BRANBY, BRUCE BRENDAL, BRIAN BROWN, DAN BURDICK, ERIC BURMEISTER, ROBERT CARMAN, AMBER CHAVEZ, MARY COWAN, GREGORY CZECH, MICHAEL DIPPEL, GREGG DROST, STEVEN ESTEBAN, COREY FELTUS, JAMES FENNER, JANE FORSTER, TIMOTHY FRICKE, NICHOLAS GALLIMORE, DARON GERSCH, ROY HALL, JULIE HOWE, BARRY HOWELL, KATHLEEN JAGODZINSKI, ROBERT JENSEN, SARA KOHEN on behalf of K.K., a minor child, NICHOLAS KRANZ, RANDALL KRUG, WENDY KRUGER-NERUD, DAVID LARSON, JANET LEACH, MICKEL LEATHEM, CAROL LUNDSTROM, STEPHEN MAJESKI, PAMELA MARONEY, MATTHEW MARTIN, DANIEL MILLER, KELLY MURPHY, ANITA NELSON, PATRICK OETTERER, MARY OLSON, REBECCA OSBORNE, CATHERINE PERRY, GAYLORD QUINN, JOY REGAN, ROBERT RICE, LONNIE ROGOWSKI, ROBERT SAFFRIN, ROBERT SAURDIFF, DAVID SCHRAMM, JASON SMITH, REGINA TURNING, JUDY VESSELS, JOHN WIDHOLM, CRAIG WITTICH, AND JACK YOUNGBERG,

**Civil Summons**

Plaintiff

vs

3M COMPANY (f/k/a Minnesota Mining

and Manufacturing, Co.); AGC
CHEMICAL AMERICAS, INC.; AGC
INC. (f/k/a Asahi Glass Co.. Ltd.);
ARCHROMA U.S., INC.; ARKEMA,
INC.; BASF CORP.; BUCKEYE FIRE
EQUIPMENT CO.; CHEMDESIGN
PRODUCTS, INC.; CHEMGUARD,
INC.; CLARIANT CORP.; CORTEVA,
INC.; DUPONT DE NEMOURS, INC.;
DYNAX CORP.; E.I. DU PONT DE
NEMOURS & COMPANY; THE
CHEMOURS COMPANY; THE
CHEMOURS COMPANY FC, LLC;
TYCO FIRE PRODUCTS, LP; AND
JOHN DOE DEFENDANTS 1-49,
Defendant

This Summons is directed to (name of Defendant):

   Clariant Corp.                                                                 .

1.      **You are being sued**. The Plaintiff has started a lawsuit against you. The *Complaint* is
attached to this *Summons*. Do not throw these papers away. They are official papers that start a
lawsuit and affect your legal rights, even if nothing has been filed with the court and even if
there is no court file number on this *Summons*.

2.      **You must BOTH reply, in writing, AND get a copy of your reply to the
person/business who is suing you within 21 days to protect your rights.** Your reply is called
an *Answer*.  Getting your reply to the Plaintiff is called service.You must serve a copy of your
*Answer or Answer and Counterclaim* (Answer) within 21 days from the date you received the
*Summons* and *Complaint*.

        ANSWER: You can find the *Answer* form and instructions on the MN Judicial Branch
website at www.mncourts.gov/forms under the "Civil" category.  The instructions will explain in
detail how to fill out the *Answer* form.

3.      **You must respond to each claim.**  The *Answer* is your written response to the
Plaintiff's *Complaint*. In your *Answer* you must state whether you agree or disagree with each
paragraph of the *Complaint*. If you think the Plaintiff should not be given everything they
asked for in the *Complaint*, you must say that in your *Answer*.

4.      SERVICE: **You may lose your case if you do not send a written response to the Plaintiff.** If you do not serve a written *Answer* within 21 days, you may lose this case by default. You will not get to tell your side of the story. If you choose not to respond, the Plaintiff may be awarded everything they asked for in their *Complaint*. If you agree with the claims stated in the *Complaint*, you don't need to respond. A default judgment can than be entered against you for what the Plaintiff asked for in the *Complaint*.

To protect your rights, you must serve a copy of your *Answer* on the person who signed this *Summons* in person or by mail at this address:

_____ .

5.      Carefully read the Instructions (CIV301) for the *Answer* for your next steps.

6.      **Legal Assistance.** You may wish to get legal help from an attorney. If you do not have an attorney and would like legal help:

- Visit www.mncourts.gov/selfhelp and click on the "Legal Advice Clinics" tab to get more information about legal clinics in each Minnesota county.

- Court Administration may have information about places where you can get legal assistance.

**NOTE: Even if you cannot get legal help, you must still serve a written *Answer* to protect your rights or you may lose the case.**

7.      **Alternative Dispute Resolution (ADR).** The parties may agree to or be ordered to participate in an ADR process under Rule 114 of the Minnesota Rules of Practice. You must still serve your written *Answer,* even if you expect to use ADR.

__6/26/2025_____          _____
Date                                                        Signature

                                                             Name:  Michael Pacelli
                                                             Address:  3102 Oak Lawn Ave, Ste. 1100
                                                             City, State, Zip:  Dallas, TX 75219
                                                             Telephone:  (214) 521-3605

E-mail:  mpacelli@baronbudd.com



MINNESOTA
JUDICIAL
BRANCH

Filed in District Court
State of Minnesota
7/7/2025

State of Minnesota                                                    District Court
Ramsey County                                              Second Judicial District

| Court File Number: **62-CV-25-5179** |
Case Type: Product Liability

FILE COPY                                           **Notice of Case Filing and
                                                          Assignment**

---

**Michelle Abrahamson, Kitty Anderson, Kenneth Baxter-Lesniak, Raymond Beauvais, Alwood Beck et. al. vs 3M Company, AGC Chemical Americas, Inc., AGC, Inc., Archroma U.S., Inc., Arkema, Inc. et. al.**

Date Case Filed: **June 26, 2025**

Court file number **62-CV-25-5179** has been assigned to this matter. All future correspondence must include this file number, the attorney identification number, and must otherwise conform to format requirements or they WILL BE RETURNED. Correspondence and communication on this matter should be directed to the following court address:

> **Ramsey County Court Administration
> 15 West Kellogg Boulevard Room 170
> St Paul MN  55102**

Assigned to: **Judge Laura Nelson**

If ADR applies, a list of neutrals is available at [www.mncourts.gov](www.mncourts.gov) (go to Alternative Dispute Resolution) or at any court facility. Please direct all scheduling inquiries on this matter to Assignment at 651-266-8306.

Dated: July 7, 2025                                 Michael F. Upton
                                                    Court Administrator
                                                    Ramsey County District Court

cc:  3M Company
     AGC Chemical Americas, Inc.
     AGC, Inc.
     Archroma U.S., Inc.
     Arkema, Inc.
     BASF Corp.

Buckeye Fire Equipment Co.
ChemDesign Products, Inc.
Chemguard, Inc.
Clariant Corp.
Corteva, Inc.
DuPont De Nemours, Inc.
Dynax Corp.
E.I. Du Pont De Nemours & Company
The Chemours Company
The Chemours Company FC, LLC
Tyco Fire Products, LP
MICHAEL  JOSEPH PACELLI